■ In the Matter of LENWARD LIQUOR CORP., Respondent, v. NEW YORK STATE LIQUOR AUTHORITY, Appellant.— Order entered on February 19, 1963 granting petitioner's motion and directing the respondent Authority to approve the removal application unanimously reversed, on the law, and petition dismissed, without costs. Merely because the petitioner could not profitably

conduct his business at the licensed premises is no ground for mandating a transfer to some other location. To obtain permission for the removal of a package store it must appear that the public convenience and advantage will be promoted by the removal to the new location from the old location. The Authority found that "public convenience and advantage will not be served or promoted by the approval of this petition." We cannot say that there is insufficient in the record to sustain such a finding. The record does not establish that the respondent acted in an arbitrary or capricious manner, and only upon such finding can the court annul its determination. Furthermore, upon an application to remove to a new location there is a certain degree of discretion vested in the respondent Authority. We cannot say that such discretion was abused. Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ.