ORAN K. GRAGSON, MAYOR, PAUL J. CHRISTENSEN, RON LURIE, GEORGE E. FRANKLIN, HAROLD F. MORELLI AND SCOTCH–EIGHTY, INC., APPELLANTS, v. JOHN B. TOCO AND IRMA E. TOCO, RESPONDENTS.

No. 7553

March 29, 1974                    520 P.2d 616

*Carl E. Lovell, Jr.,* City Attorney, and *Janson F. Stewart,* Deputy City Attorney, of Las Vegas, for Appellants Oran K.

---

Gragson, Mayor, Paul J. Christensen, Ron Lurie, George E. Franklin and Harold F. Morelli.

*Wiener, Goldwater & Galatz, Ltd.,* and *Thomas W. Biggar,* of Las Vegas, for Appellant Scotch-Eighty, Inc.

*Raymond E. Sutton,* of Las Vegas, for Respondents.

# OPINION

*Per Curiam:*

John and Irma Toco own a bar and liquor business at 9 West Charleston Boulevard in Las Vegas. They petitioned the Las Vegas Board of City Commissioners several times for permission to move their business and license to 1801 West Charleston Boulevard. They alleged economic necessity brought on by poor business conditions in the present location and much better business prospects at the location they now desire as the reason for their request.

Minutes of the several hearings held before the board of commissioners reveal that the neighboring residents were against having the bar-restaurant in such proximity to the residential area, that there was a church and day-care center for children nearby and that a cocktail lounge was not characteristic of the type of development considered by the board appropriate for that side of West Charleston. The Tocos' petitions were denied.

Respondents then petitioned the trial court for mandamus to compel the Las Vegas Board of City Commissioners to issue the transfer permit and following a hearing, the trial court so ordered. On December 20, 1973 this court stayed enforcement of the writ of mandate issued by the trial court pending this appeal.

There is no inherent right in a citizen to sell intoxicants, Hansen v. State Board of Equalization, 110 P.2d 453 (Cal. App. 1941), nor is there a vested right in a liquor licensee to move the location of his business. MacArthur v. Martelli, 255 P.2d 969 (Colo. 1953). Merely because a liquor business cannot be conducted profitably at the licensed premises is not ground for mandating a transfer to some other location. Lenward Liquor Corp. v. New York State Liquor Auth., 241 N.Y.S.2d 11 (1963); MacArthur v. Martelli, supra.

The Las Vegas Municipal Code gives the board of commissioners broad discretion in granting or withholding liquor licenses.[1] As a general rule, while mandamus will lie to enforce ministerial acts or duties and to require the exercise of discretion, it will not serve to control the discretion. Mihocka v. Ziegler, 274 N.E.2d 583 (Ohio C. P. 1971); Teeter v. Eighth Judicial District Court, 64 Nev. 256, 180 P.2d 590 (1947); McQuillin, Municipal Corporations § 51.16, pp. 498–500 (Rev. 3d ed.). An exception may apply when the granting or refusal of an application is exercised arbitrarily or through mere caprice. Henderson v. Henderson Auto, 77 Nev. 118, 359 P.2d 743 (1961). The burden of proof to show the capriciousness is on the applicant. Whitesides v. Council of City of Cheyenne, 319 P.2d 520 (Wyo. 1957); State ex rel. Grimes v. Board of Commissioners, 53 Nev. 364, 1 P.2d 570 (1931).

---

[1]Title V, Chapter 18, Sec. 12(A)(B), Las Vegas Municipal Code, 1960 Edition:

(A) The Board of Commissioners may, if the applicant for a license under this Chapter is qualified to carry on such business, approve such application and authorize the Director of License and Revenue to issue such license; provided, however, the Board shall have the right to deny any application for any reason deemed sufficient by the Board and refuse to license any applicant.

(B) The Board shall have the right to limit the number of licenses which may be issued, based upon population as determined by any formula deemed sufficient by the Board, and to determine where and under what conditions alcoholic liquor may be sold, served, given away or distributed in the City.

Without further citation of the many authorities we need only state that there is abundant evidence to support the denial of the Tocos' transfer application even considering the economic hardship suffered by the Tocos as a result of that denial. Boards are vested with a high degree of discretion and clear abuse must appear before the courts will interfere. Hansen v. State Board of Equalization, supra.

Reversed.