BETTY KOCHENDORFER DBA THE WALRUS AND THE CARPENTER, APPELLANT, *v.* BOARD OF COUNTY COMMISSIONERS OF DOUGLAS COUNTY, HAROLD P. DAYTON, JR., CHARLES C. MENELEY, JR., GARRY STONE, AND DICK CANATSEY, SHERIFF OF DOUGLAS COUNTY, AS THE DOUGLAS COUNTY LIQUOR BOARD, RESPONDENTS.

No. 9359

July 27, 1977

566 P.2d 1131

*Kenneth J. Jordan,* Carson City, for Appellant.

*Steven D. McMorris,* District Attorney, Douglas County, for Respondents.

## OPINION

By the Court, MOWBRAY, J.:
This is an appeal from an order quashing an alternative

writ of mandamus and reinstating a Douglas County Board of County Commissioners order revoking appellant's liquor license.

### 1. *Facts.*

On July 1, 1976, Appellant Betty Kochendorfer appeared before the Douglas County Liquor Board seeking an on-sale liquor license for a bar to be located at Kingsbury Commercial Park in Douglas County. Several members of the Board opposed granting the license, believing the location to be too near a residential area to be suitable for a bar. They were particularly concerned with potential noise in the parking lot and from live entertainment inside the bar. At the same time, most members were reluctant to deny the license because appellant, assuming the license would be simple to obtain, had already spent considerable money remodeling the building where the bar was to be located. As a compromise, the Board agreed to give appellant a chance to show she could operate a bar at the proposed location without disturbing the neighboring residents. They issued a six-months' temporary license, revocable at any time and specifically conditioned on appellant's posting a security guard in the parking lot from 8:00 p.m. until closing time and permitting no amplified music.

On November 4, 1976, the Board reviewed appellant's license in response to complaints of excessive noise. Testimony indicated that the conditions had been violated, and the Board decided that appellant's license should be revoked, effective November 22, 1976. At that hearing, appellant complained that she had not received adequate notice of the proceedings. She had been notified by letter only two days earlier and had been unable, during that short time, to secure witnesses in her defense. As a result, a second hearing was held on November 18, 1976, at which time appellant was represented by counsel. Additional witnesses testified both in support of and in opposition to revocation of appellant's license. After hearing the testimony, the Board again moved to revoke appellant's license, this time effective December 6, 1976.

On November 26, 1976, appellant petitioned for a writ of mandamus ordering the Board to reinstate and continue her license on a permanent basis. The petition was denied, and this appeal followed.

### 2. *Mandamus.*

Section 34.160 of the Nevada Revised Statutes authorizes this court to issue a writ of mandamus:

to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled and from which he is unlawfully precluded by such inferior tribunal, corporation, board or person. . . .

Section 244.350 of the Nevada Revised Statutes and section 5.08 of the Douglas County Code require respondents to exercise their discretion, according to certain prescribed standards, in determining whether to grant or maintain liquor licenses. While mandamus is available to order the exercise of such discretion, it cannot be used to control that discretion or to substitute the judgment of the court for that of the governing body. Board of Comm'rs v. Dayton Dev. Co., 91 Nev. 71, 530 P.2d 1187 (1975); Gragson v. Toco, 90 Nev. 131, 520 P.2d 616 (1974). It may properly be employed when discretion is exercised arbitrarily or capriciously. In that case, however, the applicant has the burden of proof. Gragson v. Toco, 90 Nev. at 133, 520 P.2d at 617. The propriety of the remedy of mandamus in the instant case, therefore, depends on whether the respondents acted arbitrarily or capriciously in exercising their broad discretion in revoking appellant's temporary liquor license.

3.  *Discretion.*

Section 244.350 of the Nevada Revised Statutes authorizes Douglas County Liquor Board to enact ordinances "[p]rescribing the conditions under which liquor may be sold or disposed of" and "[p]rohibiting the sale or disposition of liquor in places where, in the judgment of the board, such sale or disposition may tend to create or constitute a public nuisance, or where by the sale or disposition of liquor a disorderly house or place is maintained." Section 5.08.040 of the Douglas County Code provides that a liquor license may be refused an applicant on any of the following grounds:

A.  When, in the judgment of the board, the granting of such license may tend to create or constitute a public nuisance;

B.  When, by the granting of such license, a disorderly house or place may be maintained.

C.  When the granting of such license may seriously and adversely affect the valuation of adjoining and contiguous property;

D.   When the board is satisfied that the applicant is not a fit and proper person to operate the business contemplated by his application;

E.   When in the judgment of the board there are ample and sufficient licensees and establishments in the area or place for which the license is to be used to properly serve such area or place.

F.   For any other good and sufficient reason.

Appellant contends that the Board exercised its discretion arbitrarily in granting her a temporary conditional license and in subsequently revoking it. She does not claim the absence of substantial evidence to support the revocation based on violation of the conditions; indeed, at the second hearing, she expressly admitted violating those conditions. Instead, she claims that the Board abused its discretion in imposing those conditions in the first place. She contends that, because NRS 244.350 empowers the Board "to enact ordinances" to regulate the liquor business, the only conditions which may be imposed are those specified by ordinance and imposed on all licensees. The Board is alleged to have violated her right to equal protection by imposing on her ad hoc conditions to which other licensees are not subject. We do not agree.

The Twenty-first Amendment of the United States Constitution gives the State broad power to regulate the liquor business. U.S. Const. amend. XXI; Joseph E. Seagram & Sons, Inc. v. Hostetter, 384 U.S. 35 (1966). The State has, in turn, granted this power to the Board. NRS 244.350, for instance, authorizes the Board to "revoke such licenses whenever there is, in the judgment of a majority of the board, sufficient reason for such revocation." *See also* Gragson v. Toco, 90 Nev. at 133, 520 P.2d at 617.

Additionally, as noted by the court below, the Board clearly had the authority to deny appellant a license rather than to issue her a conditional one. If the Board exceeded its authority in issuing her a license, the revocation cured that error.

4.   *Due Process.*

Appellant complains that her due process rights were violated by the hearing held on November 4, 1976, because she did not receive notice of the hearing until November 1. She

notes that section 5.08.070 of the Douglas County Code requires 10 days' notice and hearing prior to revocation of a liquor license. She also objects to the form of the notice, which she claims should have been a formal complaint or order to show cause specifying the grounds on which the revocation was to be based. She cites Misurelli v. City of Racine, 346 F.Supp. 43 (E.D. Wis. 1972), in which it was held that a licensee was entitled to notice of the basis on which denial was urged in time to investigate the charges and prepare a defense.

The court below rejected the rationale in *Misurelli* and concluded that appellant had no due process rights under the Federal Constitution. It noted that due process presumes a protectible property or liberty interest. *See* Board of Regents v. Roth, 408 U.S. 564 (1972). This court and the majority of others have held that a liquor licensee has no such interest. *See* Gragson v. Toco, 90 Nev. 131, 520 P.2d 616 (1974). *Accord,* Smith v. Iowa Liquor Control Comm'n, 169 N.W. 2d 803 (Iowa 1969); State ex rel. Garrett v. Randall, 527 S.W.2d 366 (Mo. 1975).

Actually, it is unnecessary to reach this issue in the instant case, since the record establishes that any due process rights appellant might have had were satisfied. The key elements of due process are notice and hearing appropriate to the case. Bell v. Burson, 402 U.S. 535 (1971). Appellant may have been handicapped at the November 4 hearing by the Board's failure to give her timely and specific notice. She was, however, given a second hearing 14 days later. At that time, she was represented by counsel; she was fully aware of the reasons for the threatened revocation and by her own admission presented all the defenses available to her. Her objection to the Board's considering testimony given at the earlier hearing is frivolous. The key witnesses urging revocation at the first hearing were present at the second. There, appellant's counsel had the opportunity to question them thoroughly. While the proceedings may have deviated somewhat from the forms specified by the local ordinance, these deviations do not appear to be of constitutional dimension or to have caused any prejudice to appellant.

Appellant also objects to the court's consideration of the

findings of the Board. She contends that the revocation of her license was based solely on the finding that she had violated the conditions imposed on her temporary license and that the additional grounds cited in the findings were an afterthought. The record contradicts this contention. Testimony was taken at the two hearings clearly addressed to these additional grounds, *i.e.*, public nuisance, diminution of the value of adjoining property.

5. *Equal Protection.*

Section 5.08.040 of the Douglas County Code, the text of which has been cited above, specifies several grounds upon which the Board may refuse to grant a liquor license. Appellant notes that these grounds do not include a refusal to maintain security guards or to refrain from playing amplified music. She concludes that the denial must, therefore, have been based on the last, catch-all ground, "[f]or any other good and sufficient reason." This ground, she contends, is void for vagueness, and its application to her case violates her due process and equal protection rights.

It is unnecessary to determine the constitutionality of the last, catch-all ground in section 5.08.040, since appellant is clearly wrong in her contention that the license could have been refused only on that ground. The transcript of the hearing on the application indicates that the Board was concerned that the bar would produce too much noise to be compatible with its residential location, creating a public nuisance and diminishing the value of the adjoining property. They could, therefore, have refused appellant on either of two grounds specified in the Code: "A. When, in the judgment of the board, the granting of such license may tend to create or constitute a public nuisance;" and "C. When the granting of such license may seriously and adversely affect the valuation of adjoining and contiguous property." These were, in fact, cited by the Board in its findings as the grounds for its decision. Appellant does not contend that these provisions are too vague for persons of average intelligence to comprehend their meaning. In objecting to the absence of any specific reference to security guards or amplified music, she appears to be arguing that the statute should specify every factor which might lead the Board to conclude that a bar would create a public nuisance or diminish property values. She cites no authority

for this theory, which is without merit. The transcripts indicate that the Board acted properly, even generously, in its treatment of the appellant.[1]

We conclude, therefore, that the order of the lower court quashing the alternative writ of mandamus should be affirmed. The Board had the power to issue a conditional license and to revoke that license when the conditions were violated. Such power, while not specified in the Code, is inherent in its power to refuse to grant a license or to revoke it on reasonable grounds. Appellant's due process rights were not violated. The second hearing, at which appellant presented all the evidence available in her favor and at which she was represented by counsel, eliminated any prejudice which might have resulted from the brief notice period for the earlier hearing. Finally, section 5.08.040, stating the grounds for refusal of a liquor license, is not void for vagueness. The grounds on which the revocation was based—nuisance and diminution of property values—are sufficiently clear and comprehensible. For these reasons, we affirm.

BATJER, C. J., and THOMPSON and GUNDERSON, JJ., and TORVINEN, D. J.,[2] concur.

---

[1] As summarized by the court below:

[A]t the initial meeting of the Board where the application of the petitioner was first discussed and considered, there was a genuine concern by the protestants, shared by members of the respondent board, that the location of an on-sale liquor establishment would generally depreciate the surrounding neighborhood, materially lessen the quiet enjoyment of the properties by those already situated there, attract persons who were noisy and otherwise undesirable and lead to littering and vandalism. The temporary, conditional license was at best an attempt to provide the petitioner with a method of recovering her substantial investment in preparing the bar property for business, but only under conditions reasonably calculated to prevent the prejudice or damage anticipated by the protestants. . . .

[2] The Governor, pursuant to article 6, section 4, of the Nevada Constitution, designated the Honorable Roy L. Torvinen, Judge of the Second Judicial District, to sit in place of the HONORABLE NOEL E. MANOUKIAN, Associate Justice, who voluntarily disqualified himself in this case.