THE COUNTY OF ESMERALDA AND NATHAN L. MERRITT, JR., CHAIRMAN OF THE LIQUOR BOARD FOR THE COUNTY OF ESMERALDA, HENRY DAHLSTROM, ROBERT HARTMAN, AND KENNETH E. SIRI, MEMBERS OF THE LIQUOR BOARD FOR THE COUNTY OF ESMERALDA, APPELLANTS, *v.* JAMES PATRICK GROGAN, DBA SANTA FE CLUB, RESPONDENT.

No. 9147

JAMES PATRICK GROGAN, DBA SANTA FE CLUB, APPELLANT, *v.* THE COUNTY OF ESMERALDA AND NATHAN L. MERRITT, JR., CHAIRMAN OF THE LIQUOR BOARD FOR THE COUNTY OF ESMERALDA, HENRY DAHLSTROM, ROBERT HARTMAN, AND KENNETH E. SIRI, MEMBERS OF THE LIQUOR BOARD FOR THE COUNTY OF ESMERALDA, RESPONDENTS.

No. 9356

December 6, 1978                    587 P.2d 34

---

*Alan R. Harter,* District Attorney, Esmeralda County, for Appellants and Cross-Respondents.

*Eric Zubel,* Las Vegas, for Respondent and Cross-Appellant.

## OPINION

*Per Curiam:*

On February 18, 1975, James Patrick Grogan, doing business as the Santa Fe Saloon in Goldfield, Nevada, was asked to appear before the Esmeralda County Liquor Board to show cause why his liquor license should not be revoked. Grogan appeared and requested a postponement of the hearing. His request was denied and Grogan voluntarily left the hearing which continued and, based upon the evidence presented, the Board revoked Grogan's liquor license. Grogan subsequently petitioned the district court for a writ of mandamus to compel the Board to reinstate his license. The petition was denied and Grogan appealed. In Grogan v. County of Esmeralda, 91 Nev. 728, 541 P.2d 1101 (1975), we remanded the case to the district court with instructions to grant Grogan's petition for mandamus because the Board had failed to file its answering brief on appeal.

Upon remittitur, Grogan moved for attorney's fees and damages for lost profits allegedly resulting from the wrongful revocation of his liquor license. The Board moved to dismiss

Grogan's claim contending it was immune from liability, pursuant to NRS 41.032, because its revocation of the license was a discretionary act.[1] The district court agreed with the Board's argument and dismissed Grogan's claim for lost profits, but nevertheless awarded Grogan damages of $1,000 in attorney's fees. The Board has appealed the award of attorney's fees and Grogan has cross-appealed from the dismissal of his claim for lost profits.

1. We have consistently held that the granting, withholding, or revoking of a liquor license is a discretionary act. Kochendorfer v. Board of Co. Comm'rs, 93 Nev. 419, 566 P.2d 1131 (1977); Gragson v. Toco, 90 Nev. 131, 520 P.2d 616 (1974). Accordingly, the district court properly concluded that the Board was immune from a damage claim arising from its exercise of discretion and the portion of the district court's judgment dismissing Grogan's claim for damages is affirmed. *See* Hagblom v. State Dir. of Motor Vehicles, 93 Nev. 599, 571 P.2d 1172 (1977); LaFever v. City of Sparks, 88 Nev. 282, 496 P.2d 750 (1972).

2. Although attorney's fees may be awarded as an element of special damages, *cf.* City of Las Vegas v. Cragin Industries, 86 Nev. 933, 478 P.2d 585 (1970), such fees could not be awarded here because the Board was statutorily immune from all damages. *See* NRS 41.032. Therefore, the portion of the district court's judgment awarding attorney's fees is reversed.

---

[1]NRS 41.032 provides:

"No action may be brought under NRS 41.031 or against an officer or employee of the state or any of its agencies or political subdivisions which is:

"1. Based upon an act or omission of an officer or employee, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation is valid, if such statute or regulation has not been declared invalid by a court of competent jurisdiction; or

"2. Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the state or any of its agencies or political subdivisions or of any officer or employee of any of these, whether or not the discretion involved is abused."