COUNTY OF CLARK; RALPH LAMB, Sheriff; GEORGE E. HOLT, District Attorney; MANUEL CORTEZ, DAVID CANTER, SAM BOWLER, THALIA DONDERO, RICHARD RONZONE, JACK PETITTI and ROBERT BROADBENT, in Their Capacity as the LIQUOR LICENSING BOARD OF CLARK COUNTY, NEVADA, Appellants, *v.* ATLANTIC SEAFOODS, INC., a Nevada Corporation, dba ATLANTIC SEAFOODS, INC., Respondent.

No. 11582

July 29, 1980                                                615 P.2d 233

*Richard H. Bryan,* Attorney General; *Robert Miller,* District Attorney, *S. Mahlon Edwards,* Deputy District Attorney, for Appellants.

*Bilbray & Carelli,* for Respondent.

## OPINION

*Per Curiam:*

Atlantic Seafoods, Inc. filed an application for a package beer and wine license on August 17, 1978. The Clark County licensing bureau conducted an investigation and recommended that Atlantic be granted a liquor license, noting that there were no other liquor licensees in the vicinity.

On October 17, 1978, a hearing was held before the Clark County liquor licensing board. Atlantic's owners testified that Atlantic is a seafood and fish market and that a liquor license is desirable for the convenience of Atlantic's customers who cook and eat seafood with wine or beer. The only opposition was Robert Keck, of the Las Vegas Restaurant and Tavern Owners Association, who protested the present number of liquor licenses in Clark County, and who said, "we don't believe that the fish markets need a package beer and wine license".

The board voted to deny the license. No reason for the denial appears in the transcript of the hearing. On appeal, the board admits that its denial was based solely on the fact that Atlantic is a fish market.

Atlantic petitioned the district court for a writ of mandamus to compel the board to approve Atlantic's liquor license application. On December 21, 1978, the district judge held that there was no evidence to support the denial, and consequently, the board's exercise of discretion was capricious and arbitrary. A permanent writ of mandamus was issued on December 29, 1978. This appeal followed.

"There is no inherent right in a citizen to sell intoxicants." Gragson v. Toco, 90 Nev. 131, 133, 520 P.2d 616, 617 (1974). In Nevada, the regulation of the sale of liquor is delegated to county liquor boards composed of the Sheriff and county commissioners. NRS 244.350(1). Wide discretion may be exercised by the board in reviewing applications for licenses. *Cf.* State ex rel. Grimes v. Board, 53 Nev. 364, 1 P.2d 570 (1931) (city enjoys discretion to control gambling). The Clark County Code § 8.20.010(b) limits the board's discretion by listing six reasons to deny a liquor license.[1]

In this case, the board relied upon the last ground, "for any other good and sufficient reason". The board argues that the fact that Atlantic is a fish market is a sufficient reason to deny its application for a license.

The requirement of "good and sufficient reason" imposes a limitation on the board's exercise of discretion. The board's decision must be reasonably related to the public welfare and not arbitrary and capricious. *See* Kirby v. Alcoholic Beverage Control Appeals Board, 498 P.2d 1105 (Cal. 1972) ("for good cause").[2] In the past, we have upheld revocations or denials

---

[1] § 8.20.010:

(b) In conformity with the policy of this chapter, the liquor board may deny a license upon its discretion when:

(1) In the judgment of the board, the granting of such license may tend to create or constitute a public nuisance;

(2) By the granting of such license, a disorderly house or place may be maintained;

(3) The granting of such license may seriously and adversely affect the valuation of adjoining and contiguous property;

(4) The board is satisfied that the applicant is not a fit and proper person to operate the business contemplated by his application;

(5) In the judgment of the board there are ample and sufficient licensees and establishments in the area or place for which the license is to be used to properly serve such area or place;

(6) For any other good and sufficient reason.

[2] In a different context, we held that "for any cause deemed reasonable" was not an unconstitutional standard because it required reasonable action in light of the public interest at stake. State v. Rosenthal, 93 Nev. 36, 559 P.2d 830, *appeal dismissed* 434 U.S. 803 (1977).

when the record demonstrated that the board's decision was based upon considerations of public welfare. *See e.g.* Kochendorfer v. Board of Co. Comm'rs, 93 Nev. 419, 566 P.2d 1131 (1977) (failure to meet conditions in temporary license, noise incompatible with adjoining neighborhood, diminish adjoining property values); *Gragson,* 90 Nev. 131 (incompatible with neighborhood).

In this case, the fact that Atlantic is a fish market has no bearing on the public health and welfare. Atlantic Seafoods appears to be an appropriate place to sell wine and beer. The county has not affirmatively explained how the denial promotes the public welfare or why Atlantic would be an inappropriate licensee. Consequently, the denial was a clear abuse of discretion because it was not based on any good and sufficient reason related to the public's well being.

Mandamus is an appropriate remedy when discretion is exercised arbitrarily or capriciously. *Kochendorfer,* 93 Nev. at 422, 566 P.2d at 1133; *Gragson,* 90 Nev. at 133, 520 P.2d at 617; *see* NRS 34.160. Because the board capriciously ignored the standards and criteria set forth in § 8.20.010(b), the district judge did not err by issuing the permanent writ of mandate.

Affirmed.