MAGGIE JOE KOZA, Petitioner, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA IN AND FOR THE COUNTY OF CLARK, and THE HONORABLE ADDELIAR D. GUY, JUDGE OF THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, Respondent.

No. 14360

June 22, 1983                                    665 P.2d 244

---

*Morgan D. Harris,* Public Defender, *Herbert F. Ahlswede,* Chief Deputy Public Defender, Clark County, for Petitioner.

*Brian D. McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Petitioner seeks relief in prohibition to prevent the trial court from proceeding to trial on a criminal information which charges the petitioner with murder. The state is seeking the

death penalty. Petitioner contends that she is entitled to disqualification of the Clark County Public Defender due to a conflict of interest resulting from previous representation of petitioner's co-defendant, Joseph Koza, by the public defender's office. Petitioner also alleges that the Clark County Public Defender cannot represent her because a deputy in that office will be called as a witness at her trial.

First, we must examine the propriety of extraordinary relief. Petitioner has sought relief in prohibition although the jurisdiction of the trial court to hear and determine the matter at issue is not challenged. Thus, prohibition is not an appropriate remedy. Goicoechea v. District Court, 96 Nev. 287, 607 P.2d 1140 (1980). In the interests of judicial economy, however, we shall treat the petition as one in mandamus. Under the circumstances presented in this petition, as discussed below, we have determined that extraordinary intervention is warranted and that there is no plain, speedy or adequate remedy at law. NRS 34.170.

When petitioner and Joseph Koza were first arrested on November 12, 1980, the public defender was notified and Deputy James Gubler responded. While he was present at the office of the district attorney, it is alleged that he was a witness to certain events relevant to a statement elicited from petitioner. He intends to testify to these events at trial on the issue of whether petitioner's statement was voluntary. Plea negotiations were initiated and Deputy Public Defender Gubler spoke with both defendants on November 12, 1980. As a result of those discussions, Gubler became concerned about a potential conflict of interest and deferred any further participation in the negotiations until separate counsel could be appointed to represent one of the defendants.

Petitioner and Joseph Koza made their first court appearance on November 13, 1980. The Clark County Public Defender's office appeared on behalf of Joseph Koza and private counsel was appointed to represent petitioner. On November 19, 1980, a motion for substitution of attorneys was filed as to Joseph Koza, and on November 24, 1980, the appearance of the public defender was withdrawn and private counsel appeared on behalf of Joseph Koza.

On February 5, 1981, a hearing was held regarding appointment of new counsel for Joseph Koza. The district court again appointed private counsel rather than the public defender, based on the specific finding that Gubler could be a witness at trial. On June 25, 1982, a hearing was held on the issue of

counsel for petitioner. Petitioner's counsel was not present at the hearing, and petitioner claimed that her counsel "refused to come to court." The trial court stated its intention to relieve petitioner's counsel, without giving any reasons, and continued the hearing until June 29, 1982, in order to "see about getting her an attorney at that time." The record reflects that prior to the June 25th hearing, the public defender had advised the court that the public defender's office was disqualified. The court minutes reflect that on June 29, 1982, the trial court "tentatively" appointed the public defender to represent petitioner. On September 29, 1982, the public defender's office moved to be disqualified as counsel for petitioner. After a hearing, the motion was denied. Petitioner seeks relief from the denial of that motion.

## *FORMER REPRESENTATION OF CO-DEFENDANT*

SCR 167 provides:

> A member of the state bar shall not accept employment adverse to a client or a former client, relating to a matter in reference to which he has obtained confidential information by reason of or in the course of his employment by such client or former client.

The representation of petitioner by the same counsel who represented Joseph Koza, her co-defendant, must be examined in light of this ethical prohibition. The state argues that the public defender's representation of Joseph Koza was "nominal" in nature and that the public defender has made an insufficient showing of an ethical ground for disqualification.

The limited record before us contains several indications that representation of Maggie is "adverse to . . . a former client," Joseph.[1] Any communication between Joseph and his first attorney, the Clark County Public Defender, would be confidential, and there does not appear to be any dispute that during the six days that Joseph was represented by the public defender, there was attorney-client communication regarding "the matter" for which Maggie is being tried. Joseph, through his new counsel, has explicitly refused to waive the attorney-client privilege between himself and the public defender;

---

[1] For example, at a pretrial evidentiary hearing, the court stated:

the court also has a duty to try and protect the record itself—that there are definitely places where there is a conflict of tremendous importance between the parties; and it would appear to the Court . . . that some time along the way, there is going to come a conflict where counsel is going to learn something from his client, which is for the best interests of his client, but not for the opposite spouse.

Maggie has explicitly refused to waive any actual or potential conflict of interest.[2]

The public defender's office has a conflict between its duty to provide vigorous representation to petitioner and its duty not to disclose any statements made by its former client, Joseph Koza. The public defender must also avoid acting adversely to its former client. These are precisely the considerations underlying SCR 167. Therefore, SCR 167 provides authority for withdrawal of the public defender in this case.

## DEFENSE ATTORNEY AS WITNESS

The inquiry conducted by the trial court focused on the second ground urged in this petition: because Deputy Public Defender Gubler would be called as a witness on behalf of petitioner, other members of the office cannot represent petitioner at trial. SCR 185[3] governs the ethical considerations of this question.

As mentioned earlier, Gubler allegedly witnessed events relating to a statement made by petitioner to police officers. The defense contends that the statement was coerced. If the prosecution uses the statement at trial, the defense intends to call Gubler to testify as to whether the statement was voluntary. The district court has specifically recognized that it would be improper for the public defender to represent Joseph Koza because of the court's "understanding that Mr. Gubler could potentially be a witness in this case." Because of that ethical consideration, the district court appointed private counsel to represent Joseph Koza. We perceive no logical reason why the

---

[2]We are mindful of the warning contained in American Bar Association's Standards Relating to the Administration of Criminal Justice, The Defense Function § 3.5(b), p. 123 (1974):

The potential for conflict of interest in representing multiple defendants is so grave that ordinarily a lawyer should decline to act for more than one of several co-defendants except in unusual situations when, after careful investigation, it is clear that no conflict is likely to develop and when the several defendants give an informed consent to such multiple representation.

[3]SCR 185 provides:

Lawyer as witness. When a lawyer knows, prior to trial, that he will be a necessary witness, other than as to merely formal matters such as identification or custody of a document or the like, he should not conduct the trial. If, during the trial, he discovers that the ends of justice require his testimony, he should, from that point on, if feasible and not prejudicial to his client's case, leave further conduct of the trial to other counsel. If circumstances do not permit with-. drawal from the conduct of the trial, a lawyer *shall not* argue the cause or sum it up to the jury without the permission of the court. In no event shall such attorney be permitted to comment upon his own testimony before the court or jury. (Emphasis added.)

same consideration does not preclude the public defender from representing petitioner. If anything, the consideration is even stronger as it relates to petitioner. Therefore, SCR 185 authorizes withdrawal of the public defender in this case.

## AVAILABILITY OF MANDAMUS

Mandamus will not serve to control the proper exercise of discretion or to substitute the judgment of this court for that of the lower tribunal, Kochendorfer v. Board of Co. Comm'rs, 93 Nev. 419, 566 P.2d 1131 (1977), except when petitioner is able to show that the lower tribunal has acted arbitrarily or capriciously. Gragson v. Toco, 90 Nev. 131, 520 P.2d 616 (1974); Collier v. Legakes, 98 Nev. 307, 646 P.2d 1219 (1982).

The record reveals that the trial court attempted to avoid appointment of the public defender and that the judge had difficulty in finding counsel to represent petitioner.[4] No reason for the difficulty is stated. It was not until after the apparent problems in securing appointed counsel that the public defender was again considered.[5]

The particular circumstances of this case convince us that the trial court acted arbitrarily and capriciously in permitting petitioner's appointed counsel to withdraw and in appointing the public defender to represent her. We have considered the following factors: (1) SCR 167 prohibits the type of conflict-ridden representation presented by the history of appointment of counsel for petitioner and her co-defendant; (2) multiple representation has been rejected by petitioner; (3) there has been a refusal to waive the attorney-client privilege by the former client; and (4) petitioner's counsel has expressed his determination that a conflict of interest exists.[6] Additionally, we have examined the record with regard to the apparent exhaustion of avenues for the appointment of counsel other than the public defender, and we have considered the provisions of SCR 185 which would preclude comment on the testimony of a material

---

[4]At a hearing on June 25, 1982, the court, after permitting petitioner's appointed counsel to withdraw, stated,

The Court has attempted and has for the last week attempted to get you an attorney.

[5]The public defender must have been disqualified initially because other counsel was appointed for petitioner. NRS 7.115.

[6]Although not conclusive, defense counsel's representations as an officer of the court should be regarded with deference. *See* Holloway v. Arkansas, 435 U.S. 475, at 485-486 (1978).

witness at petitioner's trial. We have also considered the nature of the harm which may result from violations of SCR 167 and 185. Finally, we have considered the capital nature of this case. Based on all of the foregoing circumstances, we have concluded that the trial court acted arbitrarily and capriciously, and that there is a considerable risk of irreparable harm in requiring counsel to proceed to trial on behalf of this petitioner.

Accordingly, we order the issuance of a writ of mandamus compelling respondent district court to grant the public defender's motion to be disqualified as counsel, and to appoint new counsel to represent petitioner.