TRAVELERS HOTEL, LTD., A CALIFORNIA LIMITED PARTNERSHIP, APPELLANT AND CROSS-RESPONDENT, *v.* THE CITY OF RENO, STATE OF NEVADA, RESPONDENT AND CROSS-APPELLANT.

No. 16707

August 27, 1987                    741 P.2d 1353

*Stephen C. Mollath,* Reno, for Appellant and Cross-Respondent.

*Robert L. VanWagoner,* City Attorney, Reno; *Shamberger, Georgeson, McQuaid & Thompson,* Reno, for Respondent and Cross-Appellant.

*Brian McKay,* Attorney General, and *William E. Isaeff,* Chief Deputy, Carson City, as Amicus Curiae.

## OPINION

*Per Curiam:*

In the spring of 1983, Travelers Hotel, Ltd. ("Travelers") applied for a special use permit to build a hotel-casino complex in Reno. On June 13, 1983, the Reno City Council ("City") denied Travelers' application. On June 30, 1983, Travelers filed an application for a writ of mandamus challenging the City Council's action. The district court ordered the City to issue Travelers a special use permit, reasoning that denial of the permit "was an

abuse of discretion and not supported by substantial evidence.''
On appeal, this court affirmed. City Council, Reno v. Travelers
Hotel, 100 Nev. 436, 683 P.2d 960 (1984). Thereafter, Travelers
initiated an action for damages.

In order to recover damages, Travelers relied on the tort
theory, interference with prospective economic advantage. The
district court held that the City's act in denying the permit was
discretionary and damages could not be recovered by virtue of
NRS 41.032(2).[1] The court however concluded that NRS
278.0233(1) was an appropriate basis for an award of actual
damages, subject to the $50,000.00 limitation found in NRS
41.035(1).[2] The trial court also awarded attorney's fees pursuant
to NRS 287.0237(2).[3] We conclude that the trial court correctly
determined that the City's action in considering and denying the
special use permit was a discretionary function. We hold however
that the trial court erred in applying NRS 278.0233 and NRS
278.0237 to award damages and attorney's fees.

---

[1]NRS 41.032(2) provides:

Except as provided in NRS 278.0233 no action may be brought under
NRS 41.031 or against an officer or employee of the state or any of its
agencies or political subdivisions which is:
* * * * *
2. Based upon the exercise or performance or the failure to exercise
or perform a discretionary function or duty on the part of the state or
any of its agencies or political subdivisions or of any officer or
employee of any of these, whether or not the discretion involved is
abused.

[2]NRS 278.0233(1) provides:

1. Any person who has any right, title or interest in real prop-
erty, and who has filed with the appropriate state or local agency an
application for a permit which is required by statute or an ordinance,
resolution or regulation adopted pursuant to NRS 278.010 to 278.630,
inclusive, before that person may improve, convey or otherwise put
that property to use, may bring an action against the agency to recover
actual damages caused by:
(a) Any final action, decision or order of the agency which imposes
requirements, limitations or conditions upon the use of the property in
excess of those authorized by ordinances, resolutions or regulations
adopted pursuant to NRS 278.010 to 278.630, inclusive, in effect on
the date the application was filed, and which:
(1) Is arbitrary or capricious; or
(2) Is unlawful or exceeds lawful authority.
(b) The failure of the agency to act on that application within the time
for that action as limited by statute, ordinance or regulation.

[3]NRS 278.0237(2) provides:

2. The court may award reasonable attorney's fees to the prevailing
party in an action brought under NRS 278.0233.

---

Discretionary acts are those which require the exercise of

personal deliberation, decision and judgment. Parker v. Mineral County, 102 Nev. 593, 729 P.2d 491, 493 (1986). Travelers' proposed development constituted a "major project" and thus required the issuance of a special use permit. The ordinance required that certain factors be considered when determining whether to issue a permit. *See* RMC 18.06.05(g). In our view, the ordinance allowed city officials discretion in balancing the various factors in order to make a decision. The City's determination whether to issue a special use permit falls within the discretionary function exception of NRS 41.032(2).[4] The discretionary nature of the City's action also means that the City was immune from an award of attorney's fees against it. *See* County of Esmeralda v. Grogan, 94 Nev. 723, 725, 587 P.2d 34, 36 (1978).

As noted above, the trial court allowed Travelers to obtain damages and attorney's fees pursuant to NRS 278.0233 and NRS 278.0237, despite the fact that those sections did not take effect until after the City denied Travelers' application for a special use permit. Statutes do not apply retrospectively unless there is a clear legislative intent to do so. Rice v. Wadkins, 92 Nev. 631, 555 P.2d 1232 (1976). The statutes in question do not manifest such an intent. We also reject Travelers' argument that its cause of action did not accrue until after July 1, 1983, the effective date of NRS 278.0233 and NRS 278.0237. A cause of action for damages accrues under NRS 278.0233 upon the final action of a state or local agency which places limitations on property in excess of that authorized by law. The City's final action denying Travelers' request for a special use permit occurred prior to the effective date of NRS 278.0233 and NRS 278.0237, and therefore the district court erred in allowing Travelers' to recover damages and attorney's fees by virtue of the statute.

Also, we reverse the trial court's award of costs in favor of Travelers because Travelers is not a prevailing party. *See* NRS 18.020.

In light of the foregoing, it is unnecessary to consider the remaining issues raised in the briefs.

---

[4]The trial court declined to consider specifically whether NRS 34.270 is a basis for Travelers' recovery of damages. In our view, the City is immune from a damage claim pursuant to NRS 34.270 by virtue of the discretionary nature of its actions. *See* County of Esmeralda v. Grogan, 94 Nev. 723, 587 P.2d 34 (1978).