GRANT J. MESSNER, Petitioner, v. THE EIGHTH JUDI-CIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE MICHAEL J. WENDELL, District Judge, Respondent, VIRGINIA L. MIRA-CLE, aka VIRGINIA L. MESSNER, Real Party in Interest.

No. 19358

December 30, 1988                     766 P.2d 1320

[Rehearing denied March 8, 1989]

*Dickerson, Dickerson & Lieberman,* and *Louis J. Tavano,* Las Vegas, for Petitioner.

*LePome, Willick & Gorman,* Las Vegas, for Respondent.

---

[2]The Honorable E. M. Gunderson, Chief Justice, did not participate in the decision of this appeal.

## OPINION

*Per Curiam:*

This original petition challenges an order of the district court denying petitioner's motion to quash service of process for lack of personal jurisdiction.[1]

Petitioner Grant Messner (Grant) served in the United States Army from 1942 to 1963. Grant married real party in interest Virginia Miracle (Virginia) in 1943 in Washington, D.C. During their marriage the couple lived in several different states as well as Korea and Germany. In 1957, Virginia left Grant and moved to Reno, Nevada. Grant then moved to New York.

In 1959, Virginia filed a complaint for divorce in Nevada. Grant filed an answer to the complaint and agreed to allow the entry of an uncontested divorce. Grant did not come to Nevada during the divorce proceedings. On September 17, 1959, the district court entered its decree of divorce. The divorce decree stated that there was no community property belonging to the parties in Nevada or elsewhere. The divorce decree did not mention Grant's military retirement benefits.

After the divorce, Grant continued to live in New York until 1963, then in New Jersey until 1980, and then in Florida, where he now resides. He states that he has never resided in Nevada, either as a single or married man. In 1963, Grant retired from the United States Army after 21 years of service.

On June 1, 1988, nearly 30 years after the divorce, Virginia filed a complaint in the Eighth Judicial District Court seeking partition of Grant's military retirement benefits. Grant filed a motion to quash service of process for lack of personal jurisdiction. On August 19, 1988, the district court denied Grant's motion to quash service of process. Grant then filed the instant petition requesting this court to issue a writ of mandamus directing the district court to quash service of process for lack of personal jurisdiction.

The United States Congress has authorized state courts to treat federal military pension benefits as separate or community property in accordance with the laws of the jurisdiction in which the court sits. 10 U.S.C. § 1408(c)(1) (1982). Section 1408(c)(4),

---

[1]Petitioner has sought relief in mandamus. This court has previously stated that prohibition is the appropriate remedy to challenge the district court's refusal to quash service of process. *See* Judas Priest v. District Court, 104 Nev. ......, 760 P.2d 137 (1988); Shapiro v. Pavlikowski, 98 Nev. 548, 654 P.2d 1030 (1982). Nevertheless, in the interest of judicial economy, we shall treat the instant petition as one in prohibition. *See* Koza v. District Court, 99 Nev. 535, 665 P.2d 244 (1983).

however, specifically limits the state court's jurisdiction to divide the military benefits:

> A court may not treat the disposable retired or retainer pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.

Grant does not reside in Nevada and he is not domiciled here. Further, his filing of the motion to quash service of process makes it evident that he does not presently consent to the district court's exercise of jurisdiction in this matter. He therefore contends that the requirements of 10 U.S.C. § 1408(c)(4) have not been met and that the district court is precluded from asserting its jurisdiction in this case.

Virginia contends that because Grant filed an answer to the divorce complaint and agreed to allow the entry of an uncontested divorce nearly thirty years ago, he "consented" to the district court's exercise of jurisdiction in the instant matter. We disagree. By answering the divorce complaint and allowing the entry of the uncontested divorce in 1959, Grant may be said to have consented to the jurisdiction of the district court over the divorce proceeding. It cannot reasonably be argued, however, that Grant thereby gave his consent to jurisdiction over a separate action, nearly thirty years in the future, which was not even contemplated by the parties at the time of the divorce. Virginia's 1988 complaint for partition of the military retirement benefits was a separate action brought under NRS 125.161(1). 10 U.S.C. § 1408(c)(4) requires that Grant must consent to the district court's jurisdiction over this new action. *See, e.g.,* Kovacich v. Kovacich, 705 S.W.2d 281 (Tex.Ct.App. 1986) (defendant's submission to jurisdiction of trial court in 1976 divorce action did not constitute consent to jurisdiction as to 1983 partition action); Tarvin v. Tarvin, 232 Cal.Rptr. 13 (Cal.Ct.App. 1986) (lawsuit for partition of military pension was not a subsequent proceeding within the original dissolution action, but an independent action for which jurisdiction must be newly acquired; defendant must consent to trial court's jurisdiction at the time the partition action is filed).

Virginia contends that NRS 125.161(3)(c) permits the former spouse of a member of the armed forces to file an action for the partition of military retirement benefits based upon the military member's consent to the exercise of jurisdiction "at the time the decree of divorce is entered or at any time thereafter." Congress

has expressly provided, however, that a state court may not divide the military pension unless the military member consents to the jurisdiction of the court. Nevada courts therefore may not assert jurisdiction based upon the military member's consent to jurisdiction in a different proceeding.

Accordingly, since the jurisdictional requirements of 10 U.S.C. § 1408(c)(4) are not satisfied in this case, we grant this petition. The clerk of this court shall forthwith issue a writ of prohibition precluding the district court from exercising jurisdiction over petitioner in the instant action to divide the military retirement benefits.[2]

---

[2]THE HONORABLE E. M. GUNDERSON, Chief Justice, did not participate in the decision of this appeal.