An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

NANCY MARIE SCHATZ,
Appellant,
vs.
ROBERT A. SCHATZ,
Respondent.

No. 60708

FILED

APR 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a post-divorce decree district court order dismissing a motion to divide an omitted asset. Eighth Judicial District Court, Family Court Division, Clark County; Jennifer Elliott, Judge.

On August 30, 2011, the district court entered a divorce decree based on the parties' joint petition for a summary divorce. At the time, respondent had been a Nevada resident for more than six weeks before the action commenced. There were no minor children of the marriage and the court did not award spousal support. As for the parties' property, the decree states that there was no community property or debt to be divided, and that the parties "certify that they have divided all community assets and debts, upon their separation approximately ten (10) years ago, including but not limited to their respective retirement/pension plans and that this agreement shall remain intact." No agreement regarding property division was attached to or incorporated into the divorce decree.

On December 15, 2011, appellant filed in district court a motion to divide respondent's military pension as an omitted asset. Appellant attached a written settlement agreement executed by the parties in June 2011, agreeing to an equal division of the monthly deposits

13-10848

from respondent's military retirement benefit. On March 15, 2012, the district court dismissed the motion with prejudice on the basis that the court lost jurisdiction because neither party had resided in Nevada since October 2011. The court stated that the parties may seek the requested relief in the county of the state where they reside. This appeal followed.

In her civil proper person appeal statement, appellant contends that the district court improperly dismissed the entire divorce action, and erred in failing to acknowledge the omitted asset. Appellant further contends that the district court retained jurisdiction over the matter and that Nevada was the most convenient forum to resolve the issue. Appellant does not dispute that neither party resides in Nevada.

Initially, we take this opportunity to address appellant's concern that the district court's order improperly dismissed the entire divorce decree. Although the order refers to the "case" being dismissed with prejudice, it is clear that the court intended to dismiss appellant's motion, and did not vacate the divorce decree. Thus, the divorce decree remains in effect.

Further, having reviewed the record, we conclude that the district court properly dismissed the motion to divide the military pension. It appears that the military pension was an omitted asset under the divorce decree. In fact, in her motion, appellant asserted that the pension was an omitted asset and requested that respondent be ordered to execute a Qualified Domestic Relations Order to divide the pension under 10 U.S.C. § 1408(c)(4) (2009). An omitted asset is subject to division by way of an independent action. See Amie v. Amie, 106 Nev. 541, 796 P.2d 233 (1990). A state court has jurisdiction to divide a military retirement benefit if the military spouse is domiciled in the state, is a resident of the

state, or consents to the court's jurisdiction. <u>See</u> 10 U.S.C. § 1408(c)(4) (2009). At the time the motion was filed, respondent no longer lived in Nevada. Moreover, respondent's consent to the initial divorce proceeding does not constitute consent to jurisdiction over the division of an omitted asset in an independent action brought in Nevada. <u>See</u> <u>Messner v. District Court</u>, 104 Nev. 759, 761, 766 P.2d 1320, 1321 (1988) (recognizing that a Nevada court may not assert jurisdiction in an action to divide a military benefit based on the military member's consent to jurisdiction in a separate divorce proceeding). Thus, appellant's remedy is by way of an independent action to divide the omitted asset in the state where respondent resides. As the district court properly dismissed the motion for lack of jurisdiction, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Jennifer Elliott, District Judge, Family Court Division
       Nancy Marie Schatz
       Robert A. Schatz
       Eighth District Court Clerk

