132 Nev., Advance Opinion 13

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| NEVADA DEPARTMENT OF PUBLIC SAFETY, DIVISION OF PAROLE AND PROBATION, Appellant, vs. KENNETH SCOTT COLEY, A/K/A KING COLEY, Respondent. | No. 67864 |

FILED

MAR 03 2016



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order granting a writ of mandamus. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

*Reversed.*

Adam Paul Laxalt, Attorney General, and Adam D. Honey, Deputy Attorney General, Carson City,
for Appellant.

Gentile, Cristalli, Miller, Armeni & Savarese and Paola M. Armeni and Colleen E. McCarty, Las Vegas,
for Respondent.

BEFORE HARDESTY, SAITTA and PICKERING, JJ.

*OPINION*

By the Court, PICKERING, J.:

"In every instance, the power to adopt regulations to carry out a particular function is limited by the terms of the grant of authority pursuant to which the function was assigned." NRS 233B.040(1). Here,

we are asked to decide whether mandamus relief is proper to compel the Division of Parole and Probation to accept an application for a change in probation discharge status under a set of regulations adopted pursuant to a statute that sunsetted in 2008. We conclude that the regulations upon which respondent Kenneth Coley relies are invalid, rendering mandamus relief inappropriate. Accordingly, we reverse the district court's order granting Coley's writ of mandamus.

## I.

## A.

In 2005, the Legislature enacted Section 16 of Senate Bill 445 as a three-year experiment to determine whether allowing "individuals who were dishonorably discharged [from probation] because of nonpayment of restitution, or nonpayment of their supervisory fees," to apply for a change in their discharge status to "honorable," as long as they made a good effort to pay restitution, would help make victims whole again, and pay down the large amount of outstanding restitution. Hearing on S.B. 445 Before the Assembly Judiciary Comm., 73d Leg. (Nev., May 12, 2005). Section 16 provided three criteria that render an individual ineligible to apply for a change in discharge status:

> (a) The fact that he committed a new crime, other than a violation of a traffic law for which he was issued a citation, during the period of his probation or parole;
> (b) The fact that his whereabouts were unknown at the time of his discharge from probation or parole; or
> (c) Any incident involving his commission of a violent act or an act that threatened public safety during the period of his probation or parole.

2005 Nev. Stat., ch. 476, § 16(2), at 2360.

Section 16 directed the Division of Parole and Probation (Division) to adopt implementing regulations:

> [A] person who was dishonorably discharged from probation or parole before the effective date of this section, until July 1, 2008, may apply to the Division of Parole and Probation of the Department of Public Safety, *in accordance with the regulations adopted by the Division pursuant to the provisions of this section . . . .*

2005 Nev. Stat., ch. 476, § 16(1), at 2360 (emphasis added). On May 4, 2006, the Division adopted regulations for a "Change of Dishonorable Discharge to Honorable Discharge." *See* NAC 213.720 *et seq.* The regulations specifically incorporate Section 16, not only in the section titles, but also in the text. For example, NAC 213.730 is titled "'Applicant' defined. (§ 16 of ch. 476, Stats. 2005)." Further, the text of NAC 213.730 defines an applicant as "a person who submits an application to the Division to change his or her dishonorable discharge from probation or parole to an honorable discharge from probation or parole *in accordance with the provisions of section 16 of chapter 476, Statutes of Nevada 2005.*" (Emphasis added.)

As a three-year experiment, Section 16 included a "sunset" clause that rendered Section 16 ineffective after July 1, 2008. Although Section 16 included sunsetting language, the regulations adopted to implement Section 16, NAC 213.720 *et seq.*, do not.

At the end of the three years, Section 16, subsection 5, required the Division to send a written report to the Legislative Counsel Bureau including statistics about the program and whether the Division recommends that the program continue. 2005 Nev. Stat., ch. 476, § 16(5), at 2361. On December 8, 2008, the Division sent its written report, detailing the number of applications received, granted, denied, the reasons

why, and its recommendation. Of the nine applications completed, only three individuals received a change in discharge. The other six individuals were denied a change in discharge because "the Dishonorable Discharges resulted from factors *in addition to* non-payment of Restitution and/or Supervision fees, which were not addressed in the regulation change." Nevertheless, the Division concluded: "This regulation, with the possibility of receiving additional restitution due to victims or fees due to the Division, should be continued." Despite the Division's recommendation that Section 16 continue, the Legislature never codified Section 16 into the Nevada Revised Statutes.

B.

In 2014, respondent Kenneth Coley applied to the Division for a change in his probation discharge status. In accordance with the instructions and application given by the Division, which referenced Section 16, Coley submitted his application and financial plan to satisfy his outstanding fees owed to the Division. However, the Division denied Coley's request because of his failure to complete community service, which was the same reason for his original dishonorable discharge. After denying Coley's application, the Division changed its website instructions to include that a person is ineligible if he or she fails to satisfy a condition of their probation, such as community service. Coley confronted the Division about this change, and it replied that Section 16 is no longer applicable law. The Division expressed that only offenders who were dishonorably discharged for unpaid supervision fees and restitution could qualify for a change of status.

Thereafter, Coley filed a petition for writ of mandamus seeking to compel the Division to comply with Section 16 and grant his

application for a request of change of probation discharge status. The Division maintained that Section 16 expired in 2008. Coley argued that the Division acted arbitrarily and capriciously in denying his application because the Division granted two other applications after 2008.[1] The district court agreed with Coley and granted his petition, ordering the Division to proceed with Coley's application, allow him to make payments toward his fees, and, if he satisfies his financial obligations, to recommend a change in his discharge status to honorable.

## II.

District courts have the "power to issue writs of Mandamus." Nev. Const. art. 6, § 6(1). "A writ of mandamus is available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *see* NRS 34.160. "Mandamus will not lie to control discretionary action, unless discretion is manifestly abused or is exercised arbitrarily or capriciously." *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981) (citation omitted). An exercise of discretion is considered arbitrary if it is "founded on prejudice or preference rather than on reason" and capricious if it is "contrary to the evidence or established rules of law." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (quoting *Arbitrary* and *Capricious, Black's Law Dictionary* (9th ed. 2009)). "The burden of proof to show the capriciousness is on the applicant." *Gragson v.*

---

[1]The Division admitted to granting two applications after Coley's application. However, "their only short coming in their dishonorable discharge was lack of restitution."

*Toco*, 90 Nev. 131, 133, 520 P.2d 616, 617 (1974). Generally, this court reviews a district court's decision regarding a petition for a writ of mandamus for an abuse of discretion. *Veil v. Bennett*, 131 Nev., Adv. Op. 22, 348 P.3d 684, 686 (2015). To the extent the petition depends on statutory interpretation, though, our review is de novo. *State v. Barren*, 128 Nev., Adv. Op. 31, 279 P.3d 182, 184 (2012).

Here, the district court found the Division's denial of Coley's application arbitrary and capricious because it continued to process applications after July 1, 2008, yet denied Coley's "application on the basis of disqualifying factors not found in Section 16 and NAC 213.720–NAC 213.790." Procedurally, the district court erred in granting Coley mandamus relief because the law does not require the Division to accept applications. Section 16 and NAC 213.720 *et seq.* are no longer valid law because Section 16, the statutory authority upon which the regulations were premised, sunsetted in 2008. *See* 1A Norman J. Singer & J.D. Shambie Singer, *Statutes & Statutory Constr.* § 31:2 (7th ed. 2009) ("The legislative act is the charter of the administrative agency and administrative action beyond the authority conferred by the statute is ultra vires. . . . Regulations which are not in harmony with the plain language of the underlying statute cannot serve as a guide in statutory construction."); *see also* NRS 233B.040(1) ("In every instance, the power to adopt regulations to carry out a particular function is limited by the terms of the grant of authority pursuant to which the function was assigned.").

In this case, NAC 213.720 *et seq.* derive from and depend on Section 16, as demonstrated by the citation to Section 16 in the title of each code section. *See* NRS 233B.040(2) ("Every regulation adopted by the agency must include: (a) A citation of the authority pursuant to which it,

or any part of it, was adopted . . . ."). Because Section 16 sunsetted in 2008, the Division did not have the authority to continue to accept applications pursuant to NAC 213.720 *et seq.* after that date.[2] Nevertheless, the Division mistakenly accepted a total of three applications post-2008—Coley's application and two other applications, which were granted.

We must decide, therefore, whether the Division's mistake in processing two applications under invalid regulations can sustain the district court's holding that the Division acted arbitrarily and capriciously in denying Coley's application. We conclude it cannot and that the Division did not abuse its discretion because no authority existed that granted the Division any discretion. The Division's processing of the applications post-2008 was ultra vires. Mandamus relief is, therefore, inappropriate because it would require the Division to process an application that it lacks authority to process. Even adopting the district court's view, however, that the Division exercised discretion when it continued to process applications, the district court erred because the Division did not act arbitrarily or capriciously.

In resolving the petition below, the district court committed two further errors. By negative implication, the district court incorrectly interpreted Section 16's disqualifying factors to mean that because Coley's discharge was not based on one of the disqualifying factors, he was automatically eligible for a change in discharge. This interpretation frustrates the legislative purpose behind Section 16, which was "for

---

[2]Moreover, NRS Chapter 176A does not provide legal authority for changing one's discharge status. Rather, it specifies the criteria for receiving an honorable discharge. *See* NRS 176A.850; *infra* note 3.

individuals who were dishonorably discharged because of nonpayment of restitution, or nonpayment of their supervisory fees." Hearing on S.B. 445 Before the Assembly Judiciary Comm., 73d Leg. (Nev., May 12, 2005). Section 16 was not created as a mechanism *to allow* individuals to avoid court-imposed probation obligations, other than restitution or payment of fees, such as community service or drug court.

Second, the Division did not act arbitrarily or capriciously in denying Coley's application. Even before the sunset provision of Section 16 went into effect, the Division consistently denied applicants whose "Dishonorable Discharges resulted from factors *in addition to* nonpayment of Restitution and/or Supervision fees." Moreover, the district court relied heavily on the Division's admission that it granted two applications after 2008 but refused to grant Coley's application. However, the Division distinguished those applications at the hearing, stating that those dishonorable discharges only resulted from failure to pay restitution, not the failure to complete any other probation obligations. Therefore, the Division has consistently only granted applications if the dishonorable discharge resulted from nonpayment of restitution or supervision fees and has consistently denied applications if the dishonorable discharge resulted from other factors.

This consistent treatment hardly rises to the level of being "founded on prejudice or preference rather than on reason" or "contrary to the evidence or established rules of law." *Armstrong*, 127 Nev. at 931-32, 267 P.3d at 780 (quotations and citations omitted). Rather, the denial of Coley's application was based on reason—Coley's dishonorable discharge resulted from factors *in addition to* the failure to pay restitution or supervision fees. This reason is not contrary to established rules of law, as

Section 16 does not state that if a dishonorable discharge was not based on one of the disqualifying factors, it must be granted.[3]  Further, the Division's denial of Coley's application was not contrary to established rules of law because the law under which the Division had authority to process the applications sunsetted in 2008.

### III.

As the burden of proof is on Coley to establish that the Division acted arbitrarily or capriciously, *Gragson*, 90 Nev. at 133, 520 P.2d at 617, Coley has failed to meet that burden for extraordinary relief. Despite the procedural barrier to mandamus relief, Coley has not shown that the Division was granting applications for individuals who failed to satisfy probation obligations, such as community service.  Rather, the

---

[3]This interpretation is consistent with NRS 176A.850(1), which lists when an individual may be granted an honorable discharge from probation:

> 1. A person who:
> (a) *Has fulfilled the conditions of probation* for the entire period thereof;
> (b) Is recommended for earlier discharge by the Division; or
> (c) Has demonstrated fitness for honorable discharge *but because of economic hardship*, verified by the Division, has been unable to make restitution as ordered by the court,
> may be granted an honorable discharge from probation by order of the court.

(Emphases added.)  NRS 176A.850 demonstrates that the Legislature intended individuals to satisfy their probation obligations to be eligible for an honorable discharge.  *See also* NRS 176A.870(3) (stating that an individual who "failed to qualify for an honorable discharge as provided in NRS 176A.850 is not eligible for an honorable discharge and must be given a dishonorable discharge").

Supreme Court
OF
Nevada

(O) 1947A

9

record before this court clearly evinces that the Division consistently denied such applications. Thus, the district court erred in concluding that the Division acted arbitrarily and capriciously, such that mandamus relief was necessary. We, therefore, reverse the district court's grant of mandamus relief.

_____, J.
Pickering

We concur:

_____, J.
Hardesty

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A