THE STATE OF NEVADA, Petitioner, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE AND THE HONORABLE ROBERT L. SCHOUWEILER, DISTRICT JUDGE, Respondents, and THADDEUS GILES, Real Party in Interest.

No. 19995

December 6, 1989                    783 P.2d 463

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney, and *Larry Guy Sage,* Deputy District Attorney, Washoe County, for Petitioner.

*Dean R. Heidrich,* Reno, for Respondents.

## OPINION

*Per Curiam:*

In this mandamus proceeding, petitioner challenges an order of respondent district court granting the petition of real party in interest and ordering certain criminal records sealed. We hold that the underlying order was improperly issued and therefore grant the petition.

On July 14, 1988, Giles filed a petition to seal the records of his arrests and of the proceedings leading to the district court's March 30, 1987 dismissal of all charges against him. The State opposed the motion. The district court, without having conducted an evidentiary hearing, granted Giles' petition by order entered August 3, 1988. The State filed the instant petition on May 9, 1989, and urges that, unless the parties stipulate otherwise, it is error for the district court to grant a record sealing petition pursuant to NRS 179.255 without first conducting an evidentiary hearing.[1] We agree.

NRS 179.255(3) provides that the district court may order a person's criminal records sealed only if, after a hearing, the court finds that there has been an acquittal or that the charges were dismissed and there is no evidence that further action will be brought against the person. Once the prerequisite findings have been made, the decision whether to grant the record sealing petition is a matter within the sound discretion of the district court. A hearing may illuminate facts and circumstances which would assist the district court in exercising its discretion. *See* Collier v. Legakes, 98 Nev. 307, 311, 646 P.2d 1219, 1221 (1982).

For the foregoing reasons, we grant the State's petition. The clerk of this court shall forthwith issue a writ of mandamus directing respondents to vacate the record sealing order and to conduct an evidentiary hearing on the underlying petition.

---

[1] NRS 179.255 provides:

Sealing records after dismissal or acquittal: Petition; notice; hearing; order.

1. A person who has been arrested for alleged criminal conduct, where the charges were dismissed or such person was acquitted of the charge, may after 30 days from the date the charges were dismissed or from the date of the acquittal petition the court in and for the county where such arrest was made for the sealing of all records relating to the arrest.

2. The court shall notify the district attorney of the county in which the arrest was made, and the district attorney and any person having relevant evidence may testify and present evidence at the hearing on the petition.

3. If after hearing the court finds that there has been an acquittal or that the charges were dismissed and there is no evidence that further action will be brought against the person, the court may order sealed all records of the arrest and of the proceedings leading to the acquittal which are in the custody of the court, of another court in the State of Nevada or of a public or private company, agency or official in the State of Nevada.