ATTORNEY GENERAL OF THE STATE OF NEVADA, Petitioner, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for the County of Clark, and THE HONORABLE DONALD J. MOSLEY, District Judge, Respondents, and TABITHA LADALE MORRIS, Real Party in Interest.

No. 23699

December 22, 1992

844 P.2d 124

*Frankie Sue Del Papa,* Attorney General, and *Paul S. Lychuk,* Deputy Attorney General, Carson City, for Petitioner.

*Rex Bell,* District Attorney, Clark County, for Respondents.

*Sgro & Perry,* Las Vegas; *Michael J. Amador,* Las Vegas, for Real Party in Interest.

## OPINION

*Per Curiam:*

This petition for writ of prohibition challenges an order of the district court disqualifying the Clark County District Attorney's Office based on a potential conflict of interest, and appointing the Attorney General's Office to prosecute the case instead.[1] The Clark County District Attorney's Office has charged the real party in interest, Tabitha Ladale Morris, with murder. On June 1, 1992, the date her trial was to begin, defense counsel made an oral motion to disqualify the Clark County District Attorney's Office based on an alleged conflict of interest. Defense counsel stated that an investigator for the district attorney's office had worked for the defense prior to taking employment with Clark County. Defense counsel argued a conflict existed because the investigator had interviewed defendant as well as sixteen other potential witnesses.

Despite the district attorney's office's assurances that the investigator had been completely screened from the case, the district court granted defense counsel's motion without holding an evidentiary hearing. The court granted the motion based on its concern of an appearance of impropriety. The court was also concerned that failing to disqualify the district attorney might create an appealable issue if defendant were convicted.

On June 4, 1992, the district court signed an order disqualifying the Clark County District Attorney's Office from the case and appointing the attorney general to proceed with the prosecution. The attorney general objected to the district court's appointment, arguing that the district court cannot disqualify the district attorney absent an evidentiary hearing. The attorney general argued further that the district court lacked authority to assign a prosecution to the attorney general upon the disqualification of the district attorney.

The district court received briefs from the parties concerning

---

[1]Although petitioner has requested only a writ of prohibition, we elect to treat this petition as seeking relief in both prohibition and mandamus.

the attorney general's arguments but refused to hold an evidentiary hearing. The district court ruled that an evidentiary hearing was unnecessary because a hearing would reveal no new evidence. The court also ruled that it had authority to assign cases to the attorney general upon the disqualification of the district attorney's office. The attorney general responded by filing this petition with this court.

This court has held that disqualifying the district attorney's office without holding an evidentiary hearing amounted, in essence, to a failure to exercise discretion. Collier v. Legakes, 98 Nev. 307, 311, 646 P.2d 1219, 1221 (1982). Under *Collier,* district courts may only disqualify district attorney's offices after conducting a full evidentiary hearing and considering "all the facts and circumstances." *Id.* This court also held that disqualification based on an appearance of impropriety is warranted only in "extreme" cases where the appearance "is so great that the public trust and confidence in our criminal justice system could not be maintained without such action." *Id.* at 310, 646 P.2d at 1221.

Accordingly, the district court should not have disqualified the district attorney's office without conducting an evidentiary hearing. The district court also should not have based the disqualification on an appearance of impropriety without first determining whether this case presented an extreme situation as described in *Collier.*

Further, the district court exceeded its jurisdiction when it assigned the case to the attorney general for prosecution. District courts in Nevada are not empowered, by statute or the state constitution, to assign prosecutions to the attorney general upon disqualification of the district attorney. *See, e.g.,* Smith v. Superior Court, 422 P.2d 123, 124 (Ariz. 1967). Instead, the legislature has directed district courts to appoint a special prosecutor to assume the prosecutorial duties of a disqualified district attorney. NRS 252.100.

We also note that the attorney general lacks authority to act as a special prosecutor. The legislature defines the powers and duties of the attorney general, Ryan v. District Court, 88 Nev. 638, 642, 503 P.2d 842, 844 (1972), and it has not given the attorney general power to act as a special prosecutor. Thus, the district court's appointment of the attorney general to prosecute this case

cannot be rectified by appointing the attorney general as special prosecutor.

Accordingly, we grant this petition. The clerk of this court shall forthwith issue a writ of mandamus and prohibition directing the district court to vacate its order and to conduct an evidentiary hearing consistent with our decision in *Collier* to determine whether the district attorney's office should be disqualified. The writ shall also prohibit the district court from assigning this case to the attorney general should the district court disqualify the district attorney's office.