An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE J.
CHARLES THOMPSON, SENIOR
DISTRICT JUDGE,
Respondents,
and
EDRIS GHANI,
Real Party in Interest.

No. 61021

**FILED**

MAR 2 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER GRANTING PETITION

This original petition for a writ of mandamus challenges a district court order granting a motion to disqualify the Clark County District Attorney's Office from prosecuting the real party in interest.[1] The petitioner asserts that the district court abused its discretion by arbitrarily and capriciously granting the motion to disqualify because vicarious disqualification is unwarranted as there is no appearance of unfairness or impropriety and the screening in place was timely and effective. We agree and therefore grant the petition.

---

[1]The petitioner alternatively seeks a writ of prohibition. Because he has not demonstrated that the district court lacked jurisdiction or acted in excess of its jurisdiction, see NRS 34.320, prohibition is not available.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-08533

Mandamus is an extraordinary remedy, and the decision to entertain a petition for a writ of mandamus rests within our discretion. See Poulos v. District Court, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982); see also State ex rel. Dep't Transp. v. Thompson, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983). We have indicated that mandamus is the appropriate vehicle for challenging attorney disqualification rulings. See generally Collier v. Legakes, 98 Nev. 307, 646 P.2d 1219 (1982). But "[t]he disqualification of a prosecutor's office rests with the sound discretion of the district court," id. at 309, 646 P.2d at 1220, and "while mandamus lies to enforce ministerial acts or duties and to require the exercise of discretion, it will not serve to control the proper exercise of that discretion or to substitute the judgment of this court for that of the lower tribunal," id. at 310, 646 P.2d at 1221. Accordingly, where the district court has exercised its discretion, a writ of mandamus is available only to control an arbitrary or capricious exercise of discretion. See Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). "An arbitrary or capricious exercise of discretion is one founded on prejudice or preference rather than on reason, or contrary to the evidence or established rules of law." State v. Dist. Ct. (Armstrong), 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) (citations omitted).

Petitioner contends that the district court acted arbitrarily or capriciously when it granted Ghani's motion to disqualify the Clark County District Attorney's Office. Petitioner argues that the district court erred in determining that the conflict between Ghani and the district attorney should be imputed to the entire district attorney's office, that the

SUPREME COURT
OF
NEVADA

(O) 1947A

conflict would create an appearance of impropriety, and that screening would not cure the appearance of impropriety.

We conclude that the district court acted arbitrarily or capriciously because the district court did not base its decision on established law. In Collier, we held that vicarious disqualification of an entire prosecutor's office based on an individual lawyer's former-client conflict is required only "in extreme cases where the appearance of unfairness or impropriety is so great that the public trust and confidence in our criminal justice system could not be maintained without such action." 98 Nev. at 310, 646 P.2d at 1221; accord State v. Pennington, 851 P.2d 494, 498 (N.M. Ct. App. 1993) (observing that "[t]he great majority of jurisdictions have refused to apply a per se rule disqualifying the entire prosecutor's staff solely on the basis that one member of the staff had been involved in the representation of the defendant in a related matter" so long as the disqualified staff member "is isolated from any participation in the prosecution"); Model Rules of Prof'l Conduct R. 1.11 cmt. 2 ("Rule 1.10 is not applicable to the conflicts of interest addressed by this Rule . . . Because of the special problems raised by imputation within a government agency, paragraph (d) does not impute the conflicts of a lawyer currently serving as an officer or employee of the government to other associated government officers or employees, although ordinarily it will be prudent to screen such lawyers.").

The district court concluded that this case was different than the situation presented in Collier. The district court stated that because the district attorney is the head of the office, to allow his office to continue to prosecute Ghani would create an appearance of impropriety that cannot

SUPREME COURT
OF
NEVADA

(O) 1947A

be cured by screening. As the head of the office, his name is on every pleading and he is in charge of policy making for the office. See NRS 173.045; NRS 252.070(1). We disagree with the district court that this case is different than the situation presented in Collier. The chief deputy involved in Collier had much more hands-on responsibility for the cases handled by the office than the district attorney in this case does. While it is true that the district attorney is responsible for deciding the overall policy of the office, consistent with NRS 252.070(1), the deputies appointed by the district attorney handle the day-to-day operations of the divisions of the office and make decisions regarding specific cases. Further, even though the district attorney's name appears on every document filed with the court, it is clear that the district attorney is not personally handling all of the cases filed by the district attorney's office, and that these cases are instead being handled by the deputy who is also listed on every document. Therefore, the district court acted arbitrarily and capriciously because no appearance of impropriety existed to such an extent that it would undermine the public trust and confidence in the criminal justice system.

Next, petitioner argues that the district court acted arbitrarily and capriciously when it determined that screening could not cure the conflict. Ghani argues that the district court did not act arbitrarily or capriciously because the screening procedures in place were inadequate and untimely. Specifically, Ghani claims that the district attorney's office waited over thirty days before circulating a memorandum regarding which cases the district attorney was being screened from and the memorandum did not include every case, including the instant case.

This court has recently considered what screening procedures are appropriate in the context of screening a judicial officer pursuant to Nevada Rules of Professional Conduct 1.12. These guidelines consist of five factors:

> (1) [I]nstructions given to ban the exchange of information between the disqualified attorney and other members of the firm; (2) restricted access to files and other information about the case; (3) the size of the law firm and its structural divisions; (4) the likelihood of contact between the quarantined lawyer and other members of the firm; and (5) the timing of the screening.

Ryan's Express v. Amador Stage Lines, 128 Nev. ___, ___, 279 P.3d 166, 172 (2012).

Applying the test from Ryan's Express, the screening procedures at the Clark County District Attorney's Office were adequate and timely in place. Instructions were given the day the district attorney took office to ban the exchange of information and this was communicated to the office via the assistant district attorney. Later it was memorialized in two memoranda. The district attorney's access to the files was restricted and the files were marked as screened files. Further, the size of the Clark County District Attorney's Office makes the district attorney's participation in any screened case unlikely. Given the size and structure of the district attorney's office, it is highly unlikely that there would be contact between the quarantined lawyer and the other members of the office.

Finally, while Ghani's name does not appear on the list accompanying the memorandum, the fifth protocol outlined in the

screening memorandum ensures that the district attorney does not participate in the case. Therefore, the district attorney was adequately screened from the case and the district court acted arbitrarily or capriciously in determining that the screening procedures could not cure the conflict between Ghani and the district attorney.[2] Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order granting the motion to disqualify.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

---

[2]We further deny the petitioner's "motion to strike portion of fast track reply," which sought to strike the district court's supplemental order filed on June 29, 2012. However, because the district court's order at issue was rescinded, we decline to consider that order.

cc: Chief Judge, Eighth Judicial District Court
Hon. J. Charles Thompson, Senior Judge
Attorney General/Carson City
Clark County District Attorney
Gabriel L. Grasso, P.C.
Eighth District Court Clerk