An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

QUANG VINHPAM REGAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61847

**FILED**

APR 1 0 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of two counts of theft. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

First, appellant Quang Regan argues that the district court abused its discretion by denying his presentence motion to withdraw his guilty plea on the grounds that it was not knowingly and intelligently entered because he did not review the discovery before he pleaded guilty. Below, Regan did not claim that he would not have pleaded guilty had he reviewed the discovery or that he was unaware of the nature of the charges against him. The district court heard argument and concluded that Regan failed to demonstrate that his plea was not knowing and intelligent. We conclude that Regan failed to demonstrate that the district court abused its discretion by denying his motion to withdraw his guilty plea. See Crawford v. State, 117 Nev. 718, 721, 30 P.3d 1123, 1125 (2001).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10524

Second, Regan argues that the district court abused its discretion by denying his motion to disqualify the Clark County District Attorney's Office because attorney Steven Wolfson, who represented him when he pleaded guilty, was subsequently appointed District Attorney of Clark County. On appeal, Regan does not dispute the adequacy of the screening procedures in place and instead contends that screening itself is inappropriate because Wolfson's title as District Attorney, as well as his personal participation in this case, creates a per se appearance of impropriety. We disagree. While it is true that the district attorney is responsible for deciding the overall policy of the office, consistent with NRS 252.070(1), the deputies appointed by the district attorney handle the day-to-day operations of the divisions of the office and make decisions regarding specific cases. Further, even though the district attorney's name appears on every document filed with the court, it is clear that the district attorney is not personally handling all of the cases filed by the district attorney's office, and that these cases are instead being handled by the deputy who is also listed on every document. Having carefully considered Regan's contention, we conclude that he fails to demonstrate that the district court abused its discretion by declining to disqualify the entire district attorney's office. See Collier v. Legakes, 98 Nev. 307, 310, 646 P.2d 1219, 1221 (1982) (noting that disqualification of an entire public office is only warranted in "extreme cases" where "public trust and

confidence in our criminal justice system could not be maintained without such action"). Accordingly, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:     Hon. Michelle Leavitt, District Judge
        McDonald Adras LLC
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[1]We note that the fast track statement contains no citation to the appendix. See NRAP 3C(e)(1)(C). We caution appellant's counsel, Patrick McDonald, that future failure to comply with the Nevada Rules of Appellate Procedure when filing briefs with this court may result in the imposition of sanctions. See NRAP 3C(n).