An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GONZALO ALBELO GONZALES,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
STEFANY MILEY, DISTRICT JUDGE,
Respondents,
  and
THE STATE OF NEVADA,
Real Party in Interest.

No. 63105



FILED

JUN 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DENYING PETITION*

This original petition for a writ of mandamus challenges a district court order denying a motion to disqualify the Clark County District Attorney's Office from the post-conviction proceedings initiated by petitioner. Gonzales asserts that the district attorney's office has a conflict of interest because his former attorney is now an attorney working in the welfare division of the district attorney's office. We disagree and therefore deny the petition.[1]

Mandamus is an extraordinary remedy, and the decision to entertain a petition for a writ of mandamus rests within our discretion.

---

[1]The petitioner alternatively seeks a writ of prohibition. Because he has not demonstrated that the district court lacked jurisdiction or acted in excess of its jurisdiction, *see* NRS 34.320, prohibition is not available.

Further, given the resolution of this petition, we deny Gonzales' motion to stay as moot.

13-17298

*See Poulos v. Eighth Judicial Dist. Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982); *see also State ex rel. Dep't of Transp. v. Thompson*, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983). We have indicated that mandamus is the appropriate vehicle for challenging attorney disqualification rulings. *See generally Collier v. Legakes*, 98 Nev. 307, 646 P.2d 1219 (1982). But "[t]he disqualification of a prosecutor's office rests with the sound discretion of the district court," *id.* at 309, 646 P.2d at 1220, and "while mandamus lies to enforce ministerial acts or duties and to require the exercise of discretion, it will not serve to control the proper exercise of that discretion or to substitute the judgment of this court for that of the lower tribunal," *id.* at 310, 646 P.2d at 1221. Accordingly, where the district court has exercised its discretion, a writ of mandamus is available only to control an arbitrary or capricious exercise of discretion. *See Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). "An arbitrary or capricious exercise of discretion is one founded on prejudice or preference rather than on reason, or contrary to the evidence or established rules of law." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) (citations omitted).

Gonzales contends that the district court acted arbitrarily and capriciously when it denied his motion to disqualify without holding an evidentiary hearing. Gonzales argues that it is a conflict of interest for the Clark County District Attorney's Office to continue participating in the post-conviction proceedings because petitioner's former trial attorney, who now works for the district attorney's office, will be a witness at the evidentiary hearing on Gonzales' post-conviction petition for a writ of habeas corpus. Specifically, Gonzales claims that, pursuant to Rule 3.7(b)

of the Nevada Rules of Professional Conduct, his former attorney cannot be a witness for the State at the evidentiary hearing because she would violate Rule 1.9, her duty to her former client.

Gonzales fails to demonstrate that the district court acted arbitrarily or capriciously because he fails to show that there is a conflict of interest. In *Collier*, we held that when exercising its discretion on whether to disqualify a district attorney's office due to a conflict of interest, the district court "should consider all the facts and circumstances and determine whether the prosecutorial function could be carried out impartially and without breach of any privileged communication." 98 Nev. at 310, 646 P.2d at 1220. Gonzales fails to show that the prosecutorial function could not be carried out impartially. He argues that the district attorney's impartiality will be affected because the district attorney's office "will undoubtedly stand up for its own and argue that certainly its employee or co-worker was competent." This argument does not demonstrate that the district attorney cannot carry out the prosecutorial function impartially because the district attorney's position in a post-conviction proceeding generally will be that the trial attorney was competent regardless of whether the attorney now works for the district attorney's office. In a post-conviction proceeding, the district attorney's office is defending the conviction, and to do that, the district attorney's office must argue that counsel was effective and competent. Therefore, Gonzales fails to demonstrate that the district attorney's office cannot be impartial.

Further, Gonzales fails to demonstrate that there would be an unethical breach of privileged information. While Gonzales is correct that RPC 1.9(c) states that a lawyer who formerly represented a client in a

 

matter cannot use information gained during that representation to the disadvantage of the former client, the rule has an exception that allows use of the information if other rules of professional conduct allow it. RPC 1.6(b)(5) allows a lawyer to reveal confidential information in order to respond to allegations in a proceeding regarding the lawyer's representation of the client. Moreover, Gonzales filed the form petition contained in NRS 34.735 and claimed ineffective assistance counsel. The form petition makes it clear that by filing the petition the petitioner is waiving the attorney-client privilege if he made claims of ineffective assistance of counsel.

Because Gonzales fails to demonstrate that there was a conflict of interest, he fails to demonstrate that the district court acted arbitrarily and capriciously in denying the motion to disqualify without an evidentiary hearing. Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:   Hon. Stefany Miley, District Judge
      Bush & Levy, LLC
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk