An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DAIMON MONROE A/K/A DAIMON HOYT A/K/A DAIMON DEVI HOYT
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 58171

**FILED**

SEP 2 6 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of three counts of solicitation to commit murder. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

While incarcerated at the Clark County Detention Center for burglary, appellant Daimon Monroe offered Edward Gutierrez, a fellow inmate, $500,000 to kill three people: Judge Michelle Leavitt, who presided over Monroe's burglary case; Deputy District Attorney Sandra DiGiacomo, the lead prosecutor on Monroe's burglary case; and Las Vegas Metropolitan Police (Metro) Detective Bradley Nickell, the lead detective on Monroe's burglary case. Guiterrez informed the authorities of Monroe's offer. Consequently, Monroe was charged with three counts of solicitation to commit murder.

Following trial, the jury found Monroe guilty of all three counts. Monroe appealed his conviction on the grounds that the district court erred by (1) denying his motion to disqualify the entire Clark County District Attorney's (DA) office, (2) allowing Judge Leavitt to testify, (3) denying his pretrial writ petition to dismiss the grand jury indictment,

13-28785

(4) allowing the State to introduce his daughter's testimony, and (5) denying his motion for a new trial based on juror misconduct.

*The DA's office disqualification*

Monroe asserts that the district court erred when it refused to disqualify the entire DA's office because the accusation that he attempted to solicit a deputy district attorney's murder prevented the DA's office from prosecuting him impartially. Further, Monroe argued that disqualification was warranted because DiGiacomo was improperly screened from his solicitation to commit murder case.

This court reviews a district court's decision regarding the disqualification of a prosecutor's office for an abuse of discretion. *Collier v. Legakes*, 98 Nev. 307, 309, 646 P.2d 1219, 1220 (1982).

An entire prosecutor's office may be disqualified only "in extreme cases where the appearance of unfairness or impropriety is so great that the public trust and confidence in our criminal justice system could not be maintained without such action." *Id.* at 310, 646 P.2d at 1221. When considering a motion to disqualify a prosecutor's office, the district court should determine whether, under the totality of circumstances, "the prosecutorial function could be carried out impartially and without breach of any privileged communication." *Id.* at 310, 646 P.2d at 1220.

The district court did not abuse its discretion in denying the motion to disqualify because the court considered all relevant factors before making its decision. The district court held an evidentiary hearing regarding the disqualification issue and considered every argument Monroe raised before ultimately deciding to deny his disqualification motion.

Monroe also argues that the district court should have reconsidered his motion to disqualify once the State attempted to call DiGiacomo to testify. This claim lacks merit because the district court did not base its decision solely on the fact that DiGiacomo would not testify.[1] Once the State expressed its desire to call DiGiacomo as a witness, the court considered all circumstances and determined that DiGiacomo's testimony would not unfairly prejudice Monroe's ability to prepare for trial. Therefore, the district court did not abuse its discretion in denying Monroe's motion to disqualify.

*Judge Leavitt's testimony*

Monroe argues that the district court erred when it denied his motion to preclude Judge Leavitt's testimony because she had no personal knowledge of the alleged murder plot, her status as a judge would unfairly prejudice the jury, and his proposed stipulation that she presided over Monroe's previous burglary trial made her testimony unnecessary.

Generally, this court reviews a district court's decision to admit evidence for an abuse of discretion; however, when evidence admissibility issues implicate constitutional rights, this court applies a de novo review. *Hernandez v. State*, 124 Nev. 639, 646, 188 P.3d 1126, 1131 (2008). Monroe does not assert that Judge Leavitt's testimony violated any of his constitutional rights; thus, this issue is reviewed for an abuse of discretion.

The district court did not abuse its discretion in allowing Judge Leavitt to testify because the court weighed the testimony's

---

[1]The district court never explicitly precluded DiGiacomo from testifying. Rather, it did not address the issue because the State initially said it would not call her as a witness.

probative value against its prejudicial effect before making a decision. The district court correctly determined that Judge Leavitt's testimony contained more pertinent information than Monroe's proposed stipulation, including her role in presiding over cases and why someone might target a judge in a particular case.

*The pretrial petition for a writ of habeas corpus to dismiss the grand jury indictment*

Marcos Pacheco was incarcerated with Monroe and Gutierrez and often served as a lookout when Gutierrez and Monroe discussed the murder plot. Pacheco and Gutierrez testified against Monroe at Monroe's grand jury hearing. Monroe filed a pretrial petition for writ of habeas corpus arguing that the district court should dismiss his indictment because the State withheld the exculpatory evidence of Pacheco's felony conviction and Gutierrez's pending charges from the grand jury. The district court found that the alleged withheld evidence was not exculpatory and denied Monroe's writ petition.

This court reviews a district court's decision to deny a motion to dismiss a grand jury indictment for an abuse of discretion. *Hill v. State*, 124 Nev. 546, 550, 188 P.3d 51, 54 (2008). In *Lay v. State*, this court stated that a prosecutor must disclose all exculpatory evidence (evidence that "'will explain away the charge'") to a grand jury. 110 Nev. 1189, 1197, 886 P.2d 448, 453 (1994) (quoting NRS 172.145). Evidence that impeaches a witness's credibility is generally not considered exculpatory. *See id.* at 1198, 886 P.2d at 453-54.

The district court properly denied Monroe's motion because Monroe did not prove that the prosecution withheld any exculpatory evidence from the grand jury. At the grand jury hearing, Gutierrez testified that he was currently in custody and facing pending charges, and

Pacheco testified that he was also incarcerated. Further, both men testified that they were not receiving special treatment in return for their testimony. The grand jury was aware of the charges against both witnesses, which could only be used to impeach their credibility, not negate Monroe's murder solicitation charges. Accordingly, the district court did not abuse its discretion in denying Monroe's pretrial petition for a writ of habeas corpus.

*Monroe's daughters' testimony*

Monroe asserts that the district court erred when it allowed the State to introduce his daughters' prior statements of abuse to rebut the assertion that Monroe was not a violent person. He asserts that this evidence violated NRS 48.045 because he did not place his character at issue through his trial testimony. He further asserts that the admission of his daughter's testimony violated his Sixth Amendment Confrontation Clause rights.

"This court reviews a district court's decision to admit or exclude evidence for an abuse of discretion." *Jezdik v. State*, 121 Nev. 129, 135, 110 P.3d 1058, 1062 (2005). However, the Confrontation Clause issue must be reviewed de novo. *See Hernandez*, 124 Nev. at 646, 188 P.3d at 1131.

### NRS 48.045

The prosecution cannot admit evidence of an accused's character to prove conduct; however, the prosecution can admit character evidence when used to rebut character evidence that the accused offered at trial. NRS 48.045.

Under NRS 48.045, the district court properly allowed the State to present rebuttal character evidence because Monroe placed his character at issue through his testimony that he was not a violent person.

*Confrontation Clause*

The Sixth Amendment Confrontation Clause states that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . be confronted with the witnesses against him." U.S. Const. amend. VI. The confrontation clause precludes the admission of testimonial hearsay statements, unless the declarant is unavailable to testify at trial, and the defendant had an opportunity for an effective cross-examination. *Chavez v. State*, 125 Nev. 328, 337, 213 P.3d 476, 483 (2009) (citing *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004)). However, a confrontation clause violation is subject to a harmless-error analysis. *Medina v. State*, 122 Nev. 346, 355, 143 P.3d 471, 476 (2006) (citing *Power v. State*, 102 Nev. 381, 384, 724 P.2d 211, 213 (1986)). A court's error is harmless when overwhelming evidence of guilt exists—such that the conviction would likely stand even if the district court did not err. *Pasgove v. State*, 98 Nev. 434, 436, 651 P.2d 100, 101-02 (1982).

The district court's decision to admit the children's testimony violated Monroe's right to be confronted, but his error was harmless. The children's statements were hearsay because they were not made at Monroe's murder solicitation trial and the State offered the statements for the truth of the matter asserted within them. The State failed to demonstrate that the children were unavailable to testify at trial, which violates *Chavez* and *Crawford*. However, this violation is harmless because the evidence was only used to prove Monroe had a violent character; it did not go to the core of the murder solicitation charges. Further, the State presented a great deal of evidence that Monroe attempted to hire someone to kill Judge Leavitt, DiGiacomo and Nikell. Therefore, overwhelming evidence of Monroe's guilt existed outside of

Monroe's daughters' statements. In accordance with *Pasgove*, the district court's error does not warrant reversal.

*Monroe's motion for a new trial based on juror misconduct*

Monroe asserts that the jurors lied during voir dire because they failed to disclose that they were afraid that he might procure someone to kill them. Monroe claims that the jurors' failure to disclose their fear violated his right to a fair trial by an impartial jury.

When a defendant accuses a juror of lying during voir dire "'about a matter of potential bias or prejudice,' the critical question is whether the juror intentionally concealed bias. And that determination is left to the trial court's sound discretion." *Maestas v. State*, 128 Nev. __, __, 275 P.3d 74, 85 (2012) (quoting *Lopez v. State*, 105 Nev. 68, 89, 769 P.2d 1276, 1290 (1989)).

The district court did not abuse its discretion in denying Monroe's motion for a new trial because it found that Monroe did not establish that any jurors intentionally concealed a bias during voire dire. Additionally, the district court determined Monroe was not prejudiced in any way because the jurors did not let their fear affect their ability to perform their duties. Accordingly, Monroe was not entitled to new trial.

Based on the foregoing, we determine that Monroe is not entitled to any relief from the district court's judgment. Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

7

cc:   Hon. Douglas W. Herndon, District Judge
Christina A. DiEdoardo
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk