An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
VALERIE ADAIR, DISTRICT JUDGE,
Respondents,
  and
FERNANDO ROBLES,
Real Party in Interest.

No. 65718

**FILED**

JUN 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
    DEPUTY CLERK

*ORDER DENYING PETITION*

This original petition for a writ of mandamus challenges a district court ruling denying the State's motion to admit evidence of other crimes, wrongs, or acts at the real party in interest Fernando Robles' trial. Although the State does not have an adequate remedy at law as it cannot appeal from the district court's decision, *see State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 780 (2011), we conclude that our intervention is not warranted because the State has not demonstrated that the district court manifestly abused or arbitrarily and capriciously exercised its discretion, *see* NRS 34.160; *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981),

Robles is charged with multiple counts of sexual assault with a minor under 14 years of age, lewdness with a child under the age of 14, and attempted sexual assault with a minor under 14 years of age. The documents before us indicate that Robles' alleged sexual abuse of the 12-year-old victim began after he moved into the victim's home in June or

14 - 19122

July 2012. Shortly thereafter, Robles engaged in numerous sexual acts over a four-month period, including vaginal intercourse, attempted anal intercourse, oral sex, showering with the victim, fondling her, and forcing the victim to masturbate him.

The State seeks to admit evidence of Robles' prior sexual contact with then 13-year-old S.R. for which he incurred a conviction for coercion. At a *Petrocelli*[1] hearing, S.R. testified that Robles was her karate instructor. He frequently transported her to and from the karate studio and became a father figure to her. She described incidents where Robles held her hand, rubbed her leg, back, and butt, and asked her if she wanted to be with him. She also testified that on one occasion Robles forced her to have sexual intercourse at the karate studio. After that incident, S.R. never returned to karate class. According to the minutes of the *Petrocelli* hearing, the district court determined that S.R.'s testimony was credible and that the State had proved the incident by clear and convincing evidence, but that "there are not enough unique similarities between the allegations and what happened to S.R." and therefore the State could not introduce the evidence in its case in chief "unless the door is opened by the defense." The State argues that the district court manifestly abused its discretion by denying its motion because evidence of Robles' sexual abuse of S.R. was relevant to the current offenses to show intent, motive, common scheme or plan, and absence of mistake.

As a general matter, the district court enjoys broad discretion when it comes to evidentiary rulings. *See Fields v. State*, 125

---

[1]*Petrocelli v. State*, 101 Nev. 46, 692 P.2d 503 (1985).

Nev. 776, 782, 220 P.3d 724, 728 (2009). The question before us is not whether members of this court or other jurists would have ruled differently than the district court did in this case, *see Collier v. Legakes*, 98 Nev. 307, 310, 646 P.2d 1219, 1221 (1982) ("[W]hile mandamus lies to enforce ministerial acts or duties and to require the exercise of discretion, it will not serve to control the proper exercise of that discretion or to substitute the judgment of this court for that of the lower tribunal."), *overruled on other grounds by State v. Eighth Judicial Dist. Court (Zogheib)*, 130 Nev. ___, 321 P.3d 882 (2014); rather, we must determine "whether the district court's evidentiary ruling was a manifest abuse or arbitrary or capricious exercise of its discretion." *Armstrong*, 127 Nev. at ___, 267 P.3d at 780. In answering that question, we look to whether the district court's evidentiary ruling was based on prejudice or preference rather than reason, is contrary to the evidence, or is contrary to or based on a clearly erroneous interpretation or application of the law. *Id.* Although the district court has not entered a written order explaining its factual findings and conclusions, the documents provided to this court indicate that the district court conducted the hearing required by law and applied the three-part analysis for determining the admissibility of prior bad act evidence: "(1) the prior bad act is relevant to the crime charged and for a purpose other than proving the defendant's propensity, (2) the act is proven by clear and convincing evidence, and (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice." *Bigpond v. State*, 128 Nev. ___, ___, 270 P.3d 1244, 1249-50 (2012). It thus appears that the district court's evidentiary ruling was based on reason, not prejudice or preference. And given the dissimilarities between the current allegations and the prior bad acts, the district court

could reasonably conclude that the challenged evidence was not relevant to show intent, motive, common scheme or plan, or absence of mistake or accident or that the probative value of the evidence was substantially outweighed the danger of unfair prejudice. Although the opposite conclusion may also be reasonable, the district court's decision is not clearly contrary to the evidence or a clearly erroneous interpretation or application of the law. *Cf. Ledbetter v. State*, 122 Nev. 252, 260-63, 129 P.3d 671, 677-79 (2006) (rejecting modus operandi and common scheme or plan as grounds for admitting evidence of prior sex offenses where defendant's identity was not at issue and there was no evidence of an "overarching and explicitly preconceived plan" despite "numerous similarities" between prior conduct and charged abuse, but concluding that evidence was relevant where prior conduct and charged abuse showed "sexual attraction to and obsession with the young female members of [the defendant's family], which explained to the jury [the defendant's] motive to sexually assault [the victim of the charged abuse]"). Because the State has not demonstrated that the district court manifestly abused or arbitrarily or capriciously exercise its discretion and we will not substitute our judgment for that of the district court absent such a demonstration, we

ORDER the petition DENIED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Valerie Adair, District Judge
    Attorney General/Carson City
    Clark County District Attorney
    Clark County Public Defender
    Eighth District Court Clerk