266 P.2d 668

**O'DONNELL v. CITY OF BUHL et al.**

No. 8052.

Supreme Court of Idaho.

Feb. 2, 1954.

J. Alfred May and James J. May, Twin Falls, for appellant.

J. W. Taylor, Buhl, for respondents.

GIVENS, Justice.

January 7, 1953 appellant applied for an annual license to drive and operate a taxicab for that year.

The appropriate city ordinance required, among other things as a condition precedent to the issuance of a license, that the taxicab for which such license is requested be fully covered with insurance against property damage not less than $5,000 and public liability for two or more persons not less than $10,000.

The City Council rejected the application January 27, 1953.

January 29 appellant sued in the District Court for an alternative writ of mandate (which was issued) compelling respondents to issue the license, alleging he had made due, proper, full and legal application for a license, and asking for damages of $25 per day loss of business from January 7 and $500 attorneys' fees.

The issuance of the license prior to the trial settled the request therefor and, of course, required no further action by the court.

The fundamental basis for asserting wrongful refusal of the license and liability revolved around whether or not a rider on an original insurance policy expiring March 6, 1953 covering a 1949 Chevrolet two-door automobile, transferring such insurance to a 1952 Chevrolet four-door sedan for which the license was sought, was presented to the City Clerk at the time of the application for the license and/or prior to February 4, when a license was issued.

The imperative importance of appellant's proving this rider, making the insurance effective on the car for which he sought the license January 7, accompanied the application, was repeatedly, appropriately emphasized during the course of the trial by the Court as per illustration:

"The Court: My notion on that, Mr. May, is that there must be a delivery of the instrument or a delivery of the rider before it binds anyone, and the delivery date is therefore the material and important date."

■ It was incumbent on appellant to prove as pleaded that a *proper application* for a license had been filed.

The City Clerk positively testified this rider was not delivered to him prior to February 4. The testimony of appellant to the contrary merely created a conflict in the evidence and the court specifically found:

"That said City Clerk, on the 28th day of January, 1953, refused to issue such license for the reason that a proper insurance policy had not been filed as required by said Ordinance No. 299."

and

"That on the 4th day of February, 1953, the plaintiff complied with the requirement of said Ordinance No. 299 by filing the proper insurance papers.

"That thereupon the City Clerk immediately issued to plaintiff a license as requested by plaintiff."

and concluded appellant had not established by his evidence a right to maintain this action, either as to mandatory relief or damages.

The above findings holding no proper application had been made are amply justified by the record, which sustains the decree quashing the writ and dismissing the action. The decree is, therefore, affirmed. Costs awarded to respondents.

PORTER, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.