CLARK COUNTY LIQUOR AND GAMING LICENSING
BOARD, THALIA DONDERO, PAUL CHRISTENSEN,
MANUEL CORTEZ, JAY BINGHAM, KAREN HAYES,
BRUCE WOODBURY AND WILLIAM PEARSON,
APPELLANTS, v. SIMON & TUCKER, INC., A NEVADA
CORPORATION, DBA PHOENIX PUB, RESPONDENT.

No. 19809

February 22, 1990                    787 P.2d 782

*Rex Bell,* District Attorney, and *S. Mahlon Edwards,* Deputy
District Attorney, Clark County, for Appellants.

*David J. Rivers* and *K. Michael Leavitt,* Las Vegas, for
Respondent.

# OPINION

By the Court, YOUNG, C. J.:

Respondent Simon & Tucker, Inc. applied to the Clark County Liquor and Gaming Licensing Board for gaming licenses for its business, Phoenix Pub and Phoenix Liquors. The businesses are part of a new shopping center which is across the street from a junior high school. After hearing testimony both in favor of and opposed to the applications, the Board unanimously denied the gaming licenses. Thereafter, Simon & Tucker sought a writ of mandate from the district court. The court issued the writ, ordering the Board to grant the gaming licenses. The Board appeals.

The power to license, regulate, and prohibit gambling is within the discretion of the municipal agency empowered to govern gambling and such agency has a wide margin of discretion. *See* NRS 244.335; NRS 244.345; State ex rel. Grimes v. Board, 53 Nev. 364, 373, 1 P.2d 570, 572 (1931). Pursuant to the Clark County Code, the Board has the power to "deny any application for a gaming license if it deems the place or location for which the license is sought to be unsuitable for the conduct of gaming." Clark County Code § 8.04.070 (1981). In Primm v. City of Reno, 70 Nev. 7, 252 P.2d 835 (1953), we clarified that an agency may balance the public interest with private interests in reaching its decision, but the public interest is paramount. *Id.* at 13-14, 252 P.2d at 838.

When reviewing an agency's decision, the court is limited to a determination of whether the decision was arbitrary, capricious, or an abuse of discretion. Urban Renewal Agcy. v. Iacometti, 79 Nev. 113, 118, 379 P.2d 466, 468 (1963). Furthermore, the court may interfere with an agency's decision only when there is a manifest abuse of discretion. Henderson v. Henderson Auto, 77 Nev. 118, 122, 359 P.2d 743, 744-745 (1961).

In reviewing the Board's decision for an abuse of discretion, we must determine whether substantial evidence supported its decision to deny the gaming licenses to Simon & Tucker. Public Serv. Comm'n v. Continental Tel. Co., 94 Nev. 345, 348, 580 P.2d 467, 468-469 (1978). Evidence in the record indicates that the Board believed granting the licenses to be contrary to the public interest given the proximity to a school, the increase in pedestrian and vehicular traffic that gaming would bring, the fact that all exits from the gaming premises led to a school zone, and

the fact that the intersection between the gaming premises and the school was uncontrolled.

Simon & Tucker argues that the court was presented with evidence to the contrary, which showed that granting the gaming licenses would in fact be beneficial to the public interest. However, just because there was conflicting evidence does not compel interference with the Board's decision so long as the decision was supported by substantial evidence. O'Donnell v. Buhl, 266 P.2d 668, 669 (Idaho 1954). It is not the place of the court to substitute its judgment for that of the Board as to the weight of the evidence. Gandy v. State ex rel. Div. Investigation, 96 Nev. 281, 282, 607 P.2d 581, 582-583 (1980).

Although the Board was presented with evidence both in favor of and opposed to the licenses, the trial court improperly substituted its judgment for that of the Board when it issued the writ. We hold that the Board's decision was based on substantial evidence and thus was an exercise of sound discretion. *See* Gragson v. Toco, 90 Nev. 131, 134, 520 P.2d 616, 617 (1974).

Simon & Tucker's reliance on County of Clark v. Atlantic Seafoods, 96 Nev. 608, 615 P.2d 233 (1980) is misplaced. In *Atlantic Seafoods,* we found that the basis for the board's denial of a liquor license had no bearing on the public health and welfare. *Id.* at 611, 615 P.2d at 234-235. In contrast, the Board in this case had evidence before it which supports a conclusion that granting the licenses would have a negative impact on the public health and welfare—namely, that the increased traffic would create a hazard to children using the school facilities across the street.

Similarly, this case is distinguishable from City Council, Reno v. Travelers Hotel, 100 Nev. 436, 683 P.2d 960 (1984), in which we found that one lay opinion that a proposed casino was too close to a high school was insufficient grounds for denial of a special use permit. *Id.* at 439, 683 P.2d at 961. Here, the lay objections were substantial and specific. The Board was presented with evidence as to the large number of children using the school's facilities at night and on weekends, and with evidence regarding traffic problems which would arise from an increase in the number of pedestrians and vehicles using an uncontrolled intersection in a school zone.

Furthermore, in *Travelers Hotel,* we reiterated that statements by interested parties or their counsel and unsupported opinions of council members alone do not justify denial of a permit. *Id.* (citations omitted). In this case, most of the evidence in favor of granting the licenses consisted of statements by the applicant, its attorney, and a Board member. The only evidence by a disinterested party was a statement by a local resident that granting the

licenses would be good for other businesses in the complex. Under such circumstances, we conclude that the Board was justified in giving greater credence to the evidence against granting the licenses, and that therefore the district court erred when it issued a writ of mandate ordering the Board to grant the gaming licenses to Simon & Tucker.

After reviewing appellant's other contentions, we conclude that they are without merit. Because we hold that the Board's decision was based on substantial evidence and it did not manifestly abuse its discretion in denying Simon & Tucker's applications, we reverse the district court's issuance of the writ of mandate and reinstate the Board's denial of the gaming licenses.[1]

STEFFEN, and MOWBRAY, JJ., concur.

SPRINGER, J., dissenting:

The licensing board denied slot machine licenses to a licensed bar on the ground that slot machines in the bar would be "incompatible" with the neighborhood. I think the board abused its discretion in doing so. I cannot imagine how the mere putting of slot machines in a bar can so change its character as to make it any more or less incompatible with its surroundings. At present the bar is licensed and presumably is compatible with its surroundings; a slot machine or two does not alter this condition. I can certainly understand why those appearing before the board to protest granting of the license would think that a *bar* is incompatible with the schools and churches in the neighborhood, but a decision on this issue has been made; the bar is licensed and legally in place. What is clear to me is that the slot machines do not change anything; and it is apparent to me that the board simply yielded to public pressure without any legitimate reason for refusing to grant the slot machine license.

Denying a slot machine license to this operating bar business is not, in my view, reasonably related to the public welfare. County of Clark v. Atlantic Seafoods, 96 Nev. 608, 615 P.2d 233 (1980). We held that Atlantic Seafoods had been arbitrarily denied a license to sell wine in its seafood store and ordered a license issued. I do not see that a slot machine in a bar is any more detrimental to the common good than is wine in a seafood store.

The majority says that the licensing board had "evidence before it which supports a conclusion that granting the licenses would have a negative impact on the public health and welfare— namely, that the increased traffic would create a hazard to children using the school facilities across the street." At the time of

---

[1] THE HONORABLE ROBERT E. ROSE, Justice, has voluntarily disqualified himself from consideration of this case.

the slot machine license application Phoenix Pub was licensed and operating a bar. The Clark County Liquor and Gaming Licensing Board and my distinguished brothers in the majority may believe that putting a few slot machines in a licensed bar has a negative effect on the public health and welfare and is hazardous to children, I do not; and neither did the trial judge who heard the case. If the Phoenix Pub presents a possible "hazard to children," such hazard was created when the bar was licensed and not by the threat of slot machines in the bar. I would affirm the judgment of the district court.