MOTOR CARGO, a Utah Corporation, Appellant, v. THE PUBLIC SERVICE COMMISSION OF NEVADA, an Administrative Agency of the State of Nevada, and CON-WAY WESTERN EXPRESS, INC., a Delaware Corporation, Respondents.

No. 22061

May 13, 1992                                830 P.2d 1328

*Kilpatrick, Johnston & Adler,* Carson City, for Appellant.

*Allison, MacKenzie, Hartman, Soumbeniotis & Russell* and *Karen A. Peterson,* Carson City, for Respondent Con-Way Western Express, Inc.

*Leslie T. Miller,* General Counsel, Carson City, *Kenneth G. Freitas,* Assistant General Counsel, Las Vegas, for Respondent Public Service Commission.

# OPINION

*Per Curiam:*

On November 6, 1989, respondent Public Service Commission of Nevada ("PSC") issued Con-Way Western Express, Inc. ("Con-Way") a certificate of public convenience and necessity.[1] The PSC had previously granted appellant, Motor Cargo, leave to intervene in the proceedings. On June 29, 1990, Motor Cargo filed a petition for judicial review; thereafter, on February 12, 1991, the First Judicial District Court entered an order affirming the PSC's decision in all respects.

On appeal, Motor Cargo asserts that Con-Way was required to demonstrate a public need for its proposed services, that Con-Way did not demonstrate this public need, and that the PSC therefore erred in granting Con-Way's request for a certificate of public convenience and necessity. In addition, Motor Cargo contends that the PSC could not issue Con-Way's certificate based on a finding of operational convenience and that the PSC abused its discretion in not following prior PSC cases.

We disagree with Motor Cargo's position and affirm the district court order. In Clark Co. Liquor & Gaming v. Simon & Tucker, 106 Nev. 96, 787 P.2d 782 (1990), we explained that our review in cases such as this is limited to a determination of whether the commission's decision is based on substantial evidence. We conclude that substantial evidence supports the PSC decision to grant Con-Way a certificate of public convenience and necessity.

First, under NRS 706.391(2)(d), the PSC does not have to find a public need for a proposed service; instead, the PSC "shall

---

[1]This certificate authorizes Con-Way "to operate as a common motor carrier, on call, over irregular routes in the transportation of individual shipments in truckload and less than truckload quantities, in van-type equipment . . . between points and places in Nevada."

issue such certificate if it finds that . . . [t]he proposed service will benefit the traveling and shipping public and the motor carrier business in this state." Therefore, this provision does not expressly require the PSC to find a public "need" for the proposed service. In addition, Con-Way presented nine witnesses and twenty-two shippers' statements supporting its application; this evidence supports a finding that Con-Way's service will benefit the shipping public and the motor carrier business. Specifically, a witness for Con-Way testified that Con-Way plans to open new service center operations in Elko, Winnemucca, Ely, and Tonopah and that a marketing and demographics study supports the need for these new operations. In addition, Con-Way's witnesses explained that because they use Con-Way for interstate shipments,[2] they would reduce dock congestion and the need for additional dock space and would streamline operations if they could use Con-Way for intrastate shipments as well. One witness also testified that using Con-Way as an intrastate shipper would eliminate the need to change carriers midstream and that the chance of damaging shipped goods would therefore decrease.

Although Motor Cargo points out that the witnesses did not testify that present intrastate service is inadequate, we have previously held that no such showing of inadequate service is necessary before a certificate is granted. Gray Line Tours v. Public Serv. Comm'n, 97 Nev. 200, 626 P.2d 263 (1981). In addition, although much of the evidence supports a finding of operational convenience, we conclude that such a finding is proper under NRS 706.391(2)(d).[3]

Finally, we conclude that even if the PSC has failed to follow some of its prior decisions,[4] the PSC has not thereby abused its discretion. In Nevada, administrative agencies are not bound by *stare decisis. Gray Line Tours,* 97 Nev. at 203, 626 P.2d at 265. Accordingly, we affirm the order of the district court.

---

[2]Con-Way was already authorized to operate as a common carrier in interstate commerce between Arizona, Nevada, and California.

[3]As noted above, the evidence also suggested that rural mining areas are experiencing a growing need for shipment facilities and that Con-Way plans to address this need by establishing new distribution centers in several of these areas. In addition, the PSC noted that Motor Cargo had experienced a one million dollar increase in Nevada intrastate revenues in one year, indicating a growing demand for intrastate shipping.

[4]We note that in none of the PSC language cited by Motor Cargo did the PSC unequivocally state that a showing of public need is necessary for a certificate to be issued.