**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEVADA RESTAURANT SERVICES, INC., DBA Dotty's,<br><br>               Plaintiff - Appellant,<br><br>  And<br><br>JACKPOT JOANIES FP, LLC, Consolidated Plaintiff; JACKPOT JOANIES DF, LLC, Consolidated Plaintiff; ECLIPSE GAMING SHMP, LLC, Consolidated Plaintiff,<br><br>               Plaintiffs,<br><br>  v.<br><br>CLARK COUNTY, a Municipal Corporation; BOARD OF COUNTY COMMISSIONERS OF CLARK COUNTY,<br><br>               Defendants - Appellees. | No. 13-17252<br><br>D.C. Nos.   2:11-cv-00795-APG-PAL<br>                    2:11-cv-00824-APG-PAL<br><br><br>MEMORANDUM* |

---

      *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| NEVADA RESTAURANT SERVICES, INC., DBA Dotty's, | No. 13-17253 |
| Plaintiff, | D.C. Nos.   2:11-cv-00795-APG-PAL |
| And | 2:11-cv-00824-APG-PAL |
| JACKPOT JOANIES FP, LLC, Consolidated Plaintiff; JACKPOT JOANIES DF, LLC, Consolidated Plaintiff; ECLIPSE GAMING SHMP, LLC, Consolidated Plaintiff, | |
| Plaintiffs - Appellants, | |
| v. | |
| CLARK COUNTY, a Municipal Corporation; BOARD OF COUNTY COMMISSIONERS OF CLARK COUNTY, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted December 11, 2015
San Francisco, California

Before: BYBEE and CHRISTEN, Circuit Judges and CHEN,[**] District Judge.

---

[**]     The Honorable Edward M. Chen, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

Appellants Nevada Restaurant Services, Inc. and Jackpot Joanies FP, LLC (collectively "Plaintiffs"[1]) appeal two district court orders granting Defendant Clark County's ("the County") motion for partial judgment on the pleadings and motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and review the district court's orders de novo. *See Lyon v. Chase Bank USA*, 656 F.3d 877, 883 (9th Cir. 2011); *Harris v. Cty. of Riverside*, 904 F.2d 497, 500 (9th Cir. 1990). For the reasons outlined below, we affirm.

Constitutional Claims

1. Plaintiffs' procedural due process challenge fails. Because Clark County Ordinance L-252-11 ("the Ordinance") was legislative rather than adjudicatory in nature, "due process [was] satisfied when the legislative body perform[ed] its responsibilities in the normal manner prescribed by law." *Halverson v. Skagit Cty.*, 42 F.3d 1257, 1260 (9th Cir. 1994), *as amended on denial of reh'g* (1995) (citation

---

[1] Unless otherwise noted, this disposition addresses common claims raised by both Plaintiffs.

3

omitted); *see also Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441, 445 (1915).[2]

Alternatively, Plaintiffs have not shown that the process afforded to them by the County fell below the constitutional threshold. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). Plaintiffs received multiple notices from the County informing them of the proposed legislation, and were extended repeated opportunities—via the submission of written comments and at public hearings—to make their concerns known to the County.

2. Plaintiffs' substantive due process challenge also fails. When, as here, plaintiffs "rely on substantive due process to challenge governmental action that does not impinge on fundamental rights," courts "merely look to see whether the government *could* have had a legitimate reason for acting as it did." *Halverson*, 42 F.3d at 1262 (internal quotation marks omitted). The County has put forward a rational justification for the retroactive nature of the Ordinance—ensuring compliance with Clark County Code § 8.04.040(B)(3)'s requirement that the gambling permitted by Class A Slot Machine Licenses remains merely "incidental"

---

[2] Even accepting Plaintiffs' argument that the County did not follow Nevada law precisely, the deviation did not amount to a constitutional violation. *See Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1060 (9th Cir. 2012) ("It is axiomatic . . . that not every violation of state law amounts to an infringement of constitutional rights.").

to the licensee's primary business purpose. *See Pension Benefit Guar. Corp. v. R.A. Gray & Co.*, 467 U.S. 717, 730 (1984) (holding that retroactive aspects of legislation must satisfy due process, a burden "met simply by showing that the retroactive application of the legislation is itself justified by a rational legislative purpose").

3. The Ordinance does not violate the Equal Protection Clause. First, because the Ordinance—a legislative action of general applicability that applies to hundreds of taverns—does not single out Plaintiffs for regulation, Plaintiffs' "class of one" argument fails. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Second, the provision of the Ordinance that exempts taverns licensed prior to December 22, 1990, is rationally related to the County's economic goals. *See City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976) (noting that when a challenged legislative action does not involve "fundamental personal rights" or "inherently suspect distinctions such as race," local governments are "accorded wide latitude in the regulation of their local economies").

4.  Jackpot Joanies's facial vagueness challenge lacks merit, as the language of the Ordinance is not "impermissibly vague in all of its applications." *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982).[3]

5.  The district court properly dismissed Jackpot Joanies' freestanding § 1983 claim.  42 U.S.C. § 1983 is "not itself a source of substantive rights," but rather a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

Nevada Statutory Claims

1.  We agree with the district court that the County's preparation and publication of the Business Impact Statements substantially complied with the provisions of Nev. Rev. Stat. §§ 237.080, .090.

2.  We reject Plaintiffs' claim that Nev. Rev. Stat. § 244.187 forecloses the County's ability to regulate gambling within its jurisdiction.  *See Clark Cty. Liquor & Gaming Licensing Bd. v. Simon & Tucker, Inc.*, 787 P.2d 782, 783 (Nev. 1990)

---

[3] Plaintiffs have filed motions asking this court to take judicial notice of County legislative materials, video recordings of County hearings, and citations issued to Plaintiffs by the County.  We **GRANT** Plaintiffs' motions, *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001), and **DENY** the County's motions to strike portions of Plaintiffs' reply briefs.  Our decision to grant Plaintiffs' motions for judicial notice, however, does not change our conclusion that the Ordinance is not unconstitutionally vague.

5

("The power to license, regulate, and prohibit gambling is within the discretion of the municipal agency empowered to govern gambling and such agency has a wide margin of discretion.").

**AFFIRMED.**