# IN THE SUPREME COURT OF THE STATE OF NEVADA

SEVENTY ACRES, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Appellant,
vs.
JACK B. BINION, AN INDIVIDUAL;
DUNCAN R. LEE AND IRENE LEE,
INDIVIDUALS AND TRUSTEES OF
THE LEE FAMILY TRUST; FRANK A.
SCHRECK, AN INDIVIDUAL; TURNER
INVESTMENTS, LTD., A NEVADA
LIMITED LIABILITY COMPANY;
ROGER P. WAGNER AND CAROLYN G.
WAGNER, INDIVIDUALS AND AS
TRUSTEES OF THE WAGNER FAMILY
TRUST; BETTY ENGLESTAD AS
TRUSTEE OF THE BETTY
ENGLESTAD TRUST; PYRAMID LAKE
HOLDINGS, LLC; JASON AWAD AND
SHEREEN AWAD AS TRUSTEES OF
THE AWAD ASSET PROTECTION
TRUST; THOMAS LOVE AS TRUSTEE
OF THE ZENA TRUST; STEVE
THOMAS AND KAREN THOMAS AS
TRUSTEES OF THE STEVE AND
KAREN THOMAS TRUST; SUSAN
SULLIVAN AS TRUSTEE OF THE
KENNETH J. SULLIVAN FAMILY
TRUST; DR. GREGORY BIGLER; AND
SALLY BIGLER,
Respondents.

No. 75481

FILED

MAR 05 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF REVERSAL*

This is an appeal from a district court order granting a petition for judicial review of the Las Vegas City Council's decision that approved

20-08895

three land use applications. Eighth Judicial District Court, Clark County; James Crockett, Judge.[1]

Appellant Seventy Acres filed three development applications with the City's Planning Department in order to construct a multi-family residential development on a parcel it recently acquired. Specifically, Seventy Acres filed a general plan amendment, a rezoning application, and a site development plan amendment. Relying on reports compiled by the Planning Commission staff and statements made by the Planning Director, the City's Planning Commission and City Council approved the three applications.

Respondents filed a petition for judicial review of the City Council's approval of Seventy Acres's applications. Respondents' primary argument was that the City failed to follow the express terms of Title 19 of the Las Vegas Municipal Code (LVMC) in granting the applications. Respondents also argued that the City's decision was not supported by substantial evidence. Following a hearing, the district court concluded that the City adopted its interpretation of Title 19 of the LVMC as a litigation strategy and declined to give the City's interpretation of its land use ordinances deference. Citing a report prepared by the Planning Commission staff, the district court found that the City previously interpreted Title 19 of the LVMC as requiring Seventy Acres to obtain a major modification of the Peccole Ranch Master Plan before it could develop

---

[1]The Honorables Kristina Pickering, Chief Justice, and Mark Gibbons, James Hardesty, Ron Parraguirre, and Abbi Silver, Justices, voluntary recused themselves from participation in the decision of this matter. The Governor designated The Honorable Lynne Simons, District Judge of the Second Judicial District Court, to sit in place of the Honorable James Hardesty.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

the parcel. Therefore, the district court determined that the City's previous interpretation should apply and Seventy Acres was required to obtain a major modification of the Peccole Ranch Master Plan before having the subject applications approved. Accordingly, the district court granted the petition for judicial review and vacated the City Council's approval of Seventy Acres's three applications. Seventy Acres appeals.

*Title 19 of the LVMC does not require a major modification for residential planned development districts*

This court's role in reviewing an administrative agency's decision is identical to that of the district court and we give no deference to the district court's decision. *Elizondo v. Hood Mach., Inc.*, 129 Nev. 780, 784, 312 P.3d 479, 482 (2013); *City of Reno v. Bldg. & Constr. Trades Council of N. Nev.*, 127 Nev. 114, 119, 251 P.3d 718, 721 (2011). We review an administrative agency's legal conclusions de novo and its "factual findings for clear error or an arbitrary abuse of discretion and will only overturn those findings if they are not supported by substantial evidence." *City of N. Las Vegas v. Warburton*, 127 Nev. 682, 686, 262 P.3d 715, 718 (2011) (internal quotations omitted). When construing ordinances, this court "gives meaning to all of the terms and language[,] . . . read[ing] each sentence, phrase, and word to render it meaningful within the context of the purpose of the legislation." *City of Reno v. Citizens for Cold Springs*, 126 Nev. 263, 274, 236 P.3d 10, 17-18 (2010) (internal citation and internal quotation omitted). Additionally, this court presumes a city's interpretation of its land use ordinances is valid "absent a manifest abuse of discretion." *Boulder City v. Cinnamon Hills Assocs.*, 110 Nev. 238, 247, 871 P.2d 320, 326 (1994).

Having considered the record and the parties' arguments, we conclude that the City Council properly interpreted the City's land use ordinances in determining that Seventy Acres was not required to obtain a major modification of the Peccole Ranch Master Plan before it could develop the parcel. LVMC 19.10.040(B)(1) expressly limits master development plans to planned development district zoning designations. Therefore, the major modification process described in LVMC 19.10.040(G)(2), which is required to amend a master development plan, only applies to planned development district zoning designations. Here, the parcel does not carry the planned development district zoning designation. Therefore, the major modification process is not applicable to the parcel.

Instead, the parcel carries a zoning designation of residential planned development district. LVMC 19.10.050(B)(1) expressly states that site development plans govern the development of residential planned development districts. Therefore, as the City correctly determined, Seventy Acres must follow the site development plan amendment process outlined under LVMC 19.16.100(H) to develop the parcel. LVMC 19.10.050(D). This process does not require Seventy Acres to obtain a major modification of the Peccole Ranch Master Plan prior to submitting the at-issue applications. Accordingly, we conclude that the City Council's interpretation of the City's land use ordinances did not constitute a manifest abuse of discretion. *Cinnamon Hills Assocs.*, 110 Nev. at 247, 871 P.2d at 326 (1994).

*Substantial evidence supports the City's approval of the applications*

We next consider whether substantial evidence supports the City's decision to grant Seventy Acres's applications. "Substantial evidence is evidence that a reasonable person would deem adequate to support a decision." *City of Reno v. Reno Police Protective Ass'n*, 118 Nev. 889, 899,

59 P.3d 1212, 1219 (2002). In determining whether substantial evidence exists to support an agency's decision, this court is limited to the record as presented to the agency. *Id.* Although conflicting evidence may be present in the record, "we cannot substitute our judgment for that of the City Council as to the weight of the evidence." *Stratosphere Gaming Corp. v. City of Las Vegas*, 120 Nev. 523, 530, 96 P.3d 756, 761 (2004).

The parties dispute whether substantial evidence supported the City's decision to grant Seventy Acres's three applications.[2] The governing ordinances require the City to make specific findings to approve a general plan amendment, LVMC 19.16.030(I), a rezoning application, LVMC 19.16.090(L), and a site development plan amendment, LVMC 19.16.100(E). In approving the applications, the City primarily relied on a report prepared by the Planning Commission staff that analyzed the merits of each application.[3] The report found that Seventy Acres's applications met the statutory requirements for approval. The City also relied on the testimony

---

[2]Respondents point to evidence in the record showing that the public schools that serve the community where the parcel is located are currently over capacity and that many of the residents that live in the surrounding area are opposed to the project. However, "it is not the place of the court to substitute its judgment for that of the [City Council] as to weight of the evidence." *Clark Cty. Liquor & Gaming Licensing Bd. v. Simon & Tucker, Inc.*, 106 Nev. 96, 98, 787 P.2d 782, 783 (1990) (explaining that "conflicting evidence does not compel interference with [a] . . . decision so long as the decision was supported by substantial evidence").

[3]The report erroneously found that Seventy Acres had to obtain a major modification of the Peccole Ranch Master Plan prior to submitting a general plan amendment. Setting that finding aside, the report found that Seventy Acres met the other statutory requirements for approval of its general plan amendment, its rezoning application, and its site development plan amendment.

of the Planning Director, who found that the applications were consistent with the goals, objectives, and policies of the City's 2020 Master Plan, compatible with surrounding developments, and substantially complied with the requirements of the City's land use ordinances. Evidence in the record supports these findings. Accordingly, we conclude that a reasonable person would find this evidence adequate to support the City's decision to approve Seventy Acres's general plan amendment, rezoning application, and site development plan amendment. *Reno Police Protective Ass'n*, 118 Nev. at 899, 59 P.3d at 1219.

In sum, we conclude that the district court erred when it granted respondents' petition for judicial review. The City correctly interpreted its land use ordinances and substantial evidence supports its decision to approve Seventy Acres's three applications. We therefore

ORDER the judgment of the district court REVERSED.

_____, J.
Stiglich

_____, J.
Cadish

_____, D.J.
Simons

cc:   Hon. James Crockett, District Judge
      Ara H. Shirinian, Settlement Judge
      Law Offices of Kermitt L. Waters
      EHB Companies, LLC
      Marquis Aurbach Coffing
      Claggett & Sykes Law Firm
      Hutchison & Steffen, LLC/Las Vegas
      Pisanelli Bice, PLLC
      Las Vegas City Attorney
      Eighth District Court Clerk